(38 South. 206.)

No. 15,373.

JORDAN et al. v. RICHARDS.*

(Feb. 27, 1905.)

PRESCRIPTION—CONVEYANCE BY WIDOW—COMMUNITY PROPERTY.

A widow in community, holding either no title at all to her husband's half of a piece of community property, or at best a testamentary usufruct in the same, sold the property in its entirety to a third person, who at once took possession of it. Prescription acquirendi causa immediately commenced running in his favor. The fact that there stood registered at the date of the sale a conveyance of the property by her husband's heir to a third person did not per se prevent the running of prescription.

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by J. J. Jordan and others against W. E. Richards. Judgment for plaintiffs, and defendant appeals. Affirmed.

*Rehearing denied March 27, 1905.

Wise, Randolph & Rendall and W. B. Moses, for appellant. Alexander & Wilkinson and Pugh, Thigpen & Foster, for appellees.

Statement of the Case.

NICHOLLS, J. The plaintiff alleged that he was the owner and in possession of certain property (described); that the defendant had slandered his title, and was claiming to be the owner of the whole or a part thereof, and that he had recorded a pretended deed purporting to transfer to himself the said property in the conveyance records of the parish of Caddo, and had damaged him by such slander of title in the sum of $500 and more; that said Richards had no right, title, or interest in said property, and said pretended deed constituted a cloud and slander of his title; that Richards was a nonresident of the state, and a curator should be appointed to represent him. He prayed for the appointment of such a curator; that Richards be cited; that after due proceedings and notice to him it be decreed that he had slandered petitioner's title, and ordering him to cease therefrom, and for judgment against him in the sum of $500 damages; and that he be ordered to declare whether he claims any part of said property; and that petitioner be quieted in the ownership and possession of said property; and for all orders and decrees.

John B. Slattery was appointed curator ad hoc of Richards, and the latter was cited through said curator.

Defendant answered, first pleading the general issue. He then alleged that he held the naked ownership of the undivided half of the property claimed by the plaintiff; that the entire ownership of said property belonged at one time to Joseph A. Beall and his wife, Mrs. Anna M. Beall, as community property; that at the death of Joseph A. Beall he left a will in which he gave to his said wife, who survived him and was still

living, the life interest or usufruct of his half interest in said property, and the heirs at law of Joseph A. Beall inherited the naked ownership of the same; that the only heir at law of said Beall at the time of his death was Major C. Beall, who inherited the undivided one-half interest in the naked ownership of the property; that he sold all his interest in the estate of his brother on the 1st of July, 1868, to Tandy Howeth; that the heirs of Tandy Howeth and his wife sold to respondent their interest in the naked ownership in said property. He prayed that plaintiff's demand be rejected, and that he have judgment recognizing him as being vested in the naked ownership of an undivided half interest in said property, and that he be entitled to go into full possession and control thereof on the death of Mrs. A. M. Beall.

Plaintiff answered defendant's claim of ownership by a general denial. He admitted that the property in question formerly belonged to the community between Joseph A. Beall and his wife, Anna M. Beall, but averred that said Beall at his death left no ascendants or descendants, and by last will and testament disposed of his interest in said community property in favor of his said wife, which will was duly probated, and by judgment of the court the said Mrs. Anna M. Beall was placed in possession of his interest in said property.

That the said Mrs. Anna M. Beall by public act conveyed all of said property to Charles Chambers for a full consideration, as would appear by reference to act of sale annexed and made part hereof. At the date of said sale the said Chambers went into the actual possession of said property, and continuously possessed same under said title, in good faith, up to his death. That at his death the said Chambers left a wife, Mrs. Susie B. Chambers, and two children, issue of his marriage with the said Mrs. Susie B. Chambers, as his only heirs and legal repre-

sentatives, and from them appearer purchased, by authentic act of sale, all of said property, as would appear by certified copy of said act of sale annexed and made part.

That respondent and his authors have had and been in the actual, corporeal possession of all of said property for more than 10 years, and whatever defects there might have been in their title had been cured by the prescription of 10 years, which he specially pleaded in bar of plaintiff's rights, if he has or had, respondent and his authors having possessed under a title translative of property, and in good faith, the said property for more than 10 years, and having acted as the exclusive owners thereof for said time, without question or disturbance from any source whatsoever.

Respondent further said that the so-called act of sale to said Richards of said property was so obscure, indefinite, and the description of the thing sold to him was so obscure and indefinite, that said so-called act of sale was void for want of any description of the thing sold, and, in any event, he could not recover herein.

Premises considered, respondent prayed that the claim of the said Richards to said property be rejected at his cost, and for judgment in the sum of $500 against him for slandering the title of respondent, and for all orders and decrees for cost and general relief.

The district court rendered a judgment in which, after reciting the fact that the defendant by his answer had converted the suit into a petitory action, in which he was plaintiff, asking to be declared the owner of the property involved, ordered and decreed that the demands of the defendant, Richards, as set forth in his answer, be rejected.

Defendant appealed.

### Opinion.

Defendant contested in the lower court the title of Mrs. A. M. Beall, under the title of

her husband, to the ownership of his undivided half of the property involved in this litigation. He contends that the will conveyed to her only a "life estate" in that property, which held the existence of the rights of the legal heirs of Beall, to the ownership of the property, or to its possession in abeyance until Mrs. Beall should have died, and therefore they had no right of action, either as to that ownership or that possession, until the happening of that event.

With that proposition as a basis, defendant invokes, as against a claim of prescription acquirendi causa either by Mrs. Beall or any one holding title under or through her, the maxim, "Contra non valentem non currit prescriptio," and the rule that no prescription runs against a right dependent upon a term or a condition until the end of the term or the happening of the condition. In the brief filed on behalf of the appellant, counsel say: "The trial judge found that under the terms of the will of Joseph C. Beall his wife only acquired a life estate, and we do not think there is any serious question by plaintiff of this part of the judgment below being correct. This being the case, of course the naked ownership vested at Joseph C. Beall's death in his heirs." If true it was that it was the husband's intention in his will to give his wife a "life estate" in the property, as contradistinguished from a "full ownership" or a "usufruct" therein, the result would not have been as counsel say it was, "the vesting of the mere naked ownership of the property in his heirs at his death," nor the vesting at once in them of the full, absolute ownership of the same, for under such circumstances the bequest to the wife would have fallen in its entirety, as being absolutely null and void, as was held in this court in Marshall v. Pearce, 34 La. Ann. 557, which defendant cites. This condition of affairs would utterly destroy defendant's theory that his right of action to dispute any conveyance which Mrs. Beall might have made of her husband's undivided half of the property was postponed until her death. Any sale made by her under such conditions would have been the sale of the property of a third person (Civ. Code, art. 2452), and such sale would have been instantly open to attack by the owner. The exigencies of the defendant's case forced him to a denial of the existence in Mrs. Beall of a right of usufruct in the property, for the existence of such right would also leave him in a position at once to proceed judicially to have any sale made by the usufructuary of that property set aside. There would be no ground for delaying action in the premises until the termination of the usufruct. The conversion of the property by the usufructuary would at once open the door to an action of revendication against her vendee, as was held by this court in Ogden v. Leland University, 49 La. Ann. 195, 21 South. 685. The only escape for the defendant from the plea of prescription was therefore to attempt, through an admission that Mrs. Beall had acquired under the will of her husband a tenure of ownership in the property, which would leave him also a subsequent right of ownership, giving him, however, no present right of action against any act of transfer of the property which might be made by Mrs. Beall to a third person, but, on the contrary, forcing him to permit such act to have full effect until the termination of her rights. This defendant has done. While denying that Mrs. Beall held under the will of her husband (or from any other cause) a right of usufruct in the property, he admits that under that will she acquired what he terms a "life estate" in the same. Admitting such to have been the fact, he contends that while under such circumstances the conveyance by Mrs. Beall to Chambers, and the later transfers of the property, were null and void as to him, yet he has been powerless up to date to take action to establish that fact.

The difficulty in the way of sustaining that proposition is that it rests upon the recognition by this court of the right of the testator to convey by will a life estate in real estate in Louisiana to a legatee. We have held directly, in the case of Marshall v. Pearce, 34 La. Ann. 560, cited by the defendant, that such a bequest would in this state fail in its entirety as a prohibited substitution, and this effect defendant cannot escape, as against the rights of third parties, by any voluntary action taken by him to subserve his own interest. It may be true that the heirs of a person are authorized, under a natural obligation so to do, to comply with his wishes, even though legal objections could have been interposed to the same; but this could not be done to the prejudice of the rights of others, and defendant could not give to his voluntary inaction the force and effect of a compulsory legal inaction imposed upon him, however much he may desire to do so.

We find nothing disclosed in this case which prevented the defendant from proceeding against Chambers or the later vendees for the recovery of the property from the moment that Mrs. Beall disposed of the property by sale to Chambers. From that moment he and the vendees succeeding him acquired, so far as prescription was concerned, a right of their own, separate and distinct from any which Mrs. Beall may have had on that subject in respect to the property. Civ. Code, art. 3513.

Defendant urges, however, that prescription cannot be pleaded in this case, because at the date of the purchase by Chambers there stood registered on the books of the conveyance office of the parish where the land is situated the registry of a prior sale of the same property to another. In Wells v. Goss, 110 La. 359, 34 South. 470, the plaintiffs urged this same proposition to this court, but it held it not to be well grounded, saying there was no necessity for citing authority to sustain that declaration. In the brief of the plaintiff, counsel refer on that branch of the case to Frique v. Hopkins, 4 Mart. (N. S.) 224; Dufour v. Camfrance, 11 Mart. (O. S.) 715; Fetcher v. Cavelier, 4 La. 267; McCluskey v. Webb, 4 Rob. 205; Hickman v. Dawson, 35 La. Ann. 1086; Giddens v. Mobley, 37 La. Ann. 418; Montgomery v. Whitfield, 41 La. Ann. 649, 6 South. 224.

We are of the opinion that the judgment appealed from is correct. It is therefore, for the reasons herein assigned, affirmed.