Defendant, for reasons stated before, has not acquired any right under article 233 of the Constitution.

Plaintiffs (as in Ramos Lumber Co. v. Labarre, ante, p. 559, 40 South. 898) are not asking to annul a tax title, "but is a defendant resisting" an attack. The defendant has not made out any title or right of possession. A trespass, under the circumstances here, is without right to successfully invoke prescription.

The charge of the court met with objection from the defendant, and the grounds of objection are pressed upon our attention. The facts are before the court, and the issues can be decided, and for that reason the objection to the charge can have no legal effect.

We do not think that this case should be remanded, as another verdict would not throw any additional light, even if the charge had misled the jury. We have not found that to be the case.

The number of feet taken in trees and the value of the lumber into which they were converted presents another issue.

The rule of measurement is attacked by defendant as illegal. We think that the objection on that score is sufficiently answered by citing Act No. 64, p. 89, of 1898.

Owing to the fact that the cited statute was overlooked, plaintiffs followed another rule of measurement, Act No. 87, p. 111, of 1892.

The rule followed, that of Act No. 64, p. 89, of 1898, by the witnesses, was legal. The amount due for the lumber is, therefore, the sum of $9,594.

For reasons stated, the judgment appealed from is amended by reducing the amount to $9,594, with 5 per cent. interest from the date of this judgment; and as thus reduced and amended, the judgment of the district court is affirmed.

Appellee is condemned to pay cost of appeal.

(40 South. 911.)

No. 15,819.

BENNETT et al. v. CALMES et al.

(March 26, 1906.)

TITLE BY PRESCRIPTION—ADVERSE POSSESSION —EVIDENCE—GOOD FAITH.

Plaintiffs sue to be recognized owners of one-half of square 32 in the town of Independence by inheritance from their mother.

Through mesne conveyance the property passed to defendant.

The original author of defendant went into possession under title, in good faith.

Good faith, just title, and 10 years' possession are the requisites. This defendant has.

The original vendor was in possession and sold the property by title valid in form. This was a sufficient starting-point for the prescription afterward acquired.

Proof of the continuity of good faith is not a condition precedent to acquiring a title by prescription.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Adverse Possession, § 207.]

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Clay Elliott, Judge.

Action by Preston Bennett and others against Dallas L. Calmes and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Hypolite Mixon and Milton Alexander Strickland, for appellants. Stephen Dudley Ellis and Reid & Purser, for appellee.

BREAUX, C. J. Plaintiffs ask for a judgment decreeing them to be the owners of the undivided half of square 32 in the town of Independence.

They claim to have acquired this property from Anna Gaines, wife of Daniel Y. Gaines, both deceased.

The petitioners are the children and grand-children of the late Mrs. Gaines.

Plaintiffs' complaint is that although they were the owners of the property before mentioned, the defendants went into possession, and now claim to be the owners.

Defendants in the first place, in defending themselves against this demand, interposed a prescription of 10 years. They alleged their good faith, and averred that they held under a title translative of property, and in the alternative they pleaded a general denial.

It is not questioned that Daniel Y. Gaines bought the property during his marriage with Anna Gaines. It was community property. After the death of his wife he did not open her succession, but sold the property before referred to at private sale. It follows that the interest of the succession of Mrs. Gaines was not legally disposed of.

In the year 1889, Daniel Y. Gaines sold the property to John C. Albin. Defendants date the term of prescription from that year.

John C. Albin sold the property in 1897, and in course of time it was sold to the defendant.

Plaintiffs in their suit attack the good faith of Albin, who was the owner of the property about nine years, and their position is, as relates to prescription, that as Albin was not in good faith, his possession cannot be taken into account in establishing title by prescription.

Plaintiffs charge that Albin knew that he had bought the property of another, and allege that the sale was absolutely null. They cite article 2452 of the Civil Code in support of their contention.

We are now called upon to consider the case of petitioners, and no other.

The property was in the name of the head of the community; and after the death of his wife no steps were taken to open the succession.

During the marriage the head of the com-munity could sell the property. After the dissolution of the community there was nothing of record to prove that his ownership had been changed as a result of the death of his wife. He lived about four years after.

One intending to purchase, in consulting the record (if he did not know of the death of the wife and the right of inheritance of the heirs), could, if no adverse title was of record, buy the property in good faith.

Both parties, the plaintiffs as heirs of their mother, are claiming under the same author. They both trace their title to Daniel Y. Gaines, who was the head of the community, with this difference, as relates to defendant, that it was not shown that he knew that the community had been dissolved by the death of the wife.

The plaintiffs, also, as heirs of their mother, trace their right to the title which was in the name of Daniel Y. Gaines.

Defendant was in good faith and had a just title.

A definition here will serve a purpose. Good faith consists in the belief of the purchaser that he is buying from the owner. It does not appear in this instance that the purchaser knew that any one except the vendor had any right upon the property.

While it is true that there must be no doubt upon the subject of good faith, and if there be any, it is to be construed against the buyer, there does not seem to have been any doubt of the good faith of the purchaser at the date of his purchase.

The testimony does not prove that defendant was in bad faith. There was nothing in the act of sale which recognized the right of another. There was nothing on the face of the deed in the way of a notice not to buy. It was an absolute sale, and since defendant's purchase and that of his authors, they have continued in the open, peaceable, and uninterrupted possession of the property.

Had he known that half of the property

was owned by the heirs, unquestionably, he would have been in bad faith.

But the heirs had not claimed the property, and there was nothing showing the least intention on their part to claim ownership of it.

Plaintiffs assume that defendants' plea of prescription could not be of any avail, because Gaines, the original vendor in 1889, did not have any other title than that which we have before mentioned. He was in possession and sold the property. This, in view of the facts was enough of right to transfer the property.

In order to convey a title there was no necessity of his having any other right than that before mentioned.

The purchaser believed that the title offered a valid and binding title. That sufficed.

In order to sustain the decennial prescription there is no necessity of proving that the original vendor also had a title. If that were true, then in order to sustain the prescription before mentioned the purchaser would have to show that his immediate author and all his ancestors in title had a full and complete title. This does not seem to be the intention of the law upon the subject.

One title accepted in good faith is the extent of the requirement. That shown, it is not possible to successfully oppose some outstanding prior title not recorded, and of which he did not have the least notice.

The sale of the property of another is null, is one of plaintiffs' propositions. It is entirely true. It is the plain codal provision, but it must not be overlooked that, though originally the sale was null by prescription, it may under the conditions before mentioned, of good faith and just title, with a term of years, become absolutely valid and binding. Although the sale was null originally, it was within the power of the lawmaking power to provide, as it has, that time under the conditions before mentioned cured its nullity.

The continuity of good faith is not exacted.

Article 3482 of the Civil Code; Boagni v. Pacific Imp. Co., 111 La. 1063, 36 South. 129.

The good or bad faith intervening is not at issue.

"Probatis extremis, media presumuntur."

For reasons stated, the judgment appealed from is affirmed.