# 7701 7702

Court of Appeal — Parish of Orleans

James Gaskins, et als :
 : Nos. 7701
 versus : 7702
 : Consolidated.
Otere Marshall, et al. :

- - - - - - -

- - - - - - -

By Dinkelspiel, J.

 

289

Dinkelspiel, J.

This is an action brought by James Gaskins and others
named in the petition claiming to be the true and lawful
owners of the following described property:

"A certain tract of land situated in the Parish of St.
"James on the left bank of the Mississippi River, and
"about 55 miles above the City of New Orleans, measur-
"ing 36 feet in width fronting on said River, by a
"depth of 65 arpents, more or less, bounded above by
"lands formerly belonging to William Venus, and below
"by land now or formerly belonging to Ben Jacobs; be-
"ing one-third portion of a larger tract acquired by
"Lem Gaskins from Floretan Schexnayder by act passed
"before Louis Dugas, Recorder of the Parish of St.
"James, on the 6th of January, 1876, recorded in
"Miscellaneous Acts 1874-1877, folio 378, of the records
"of the Parish of St. James."

These petitioners set up their ownership to the property
described above as the duly recognized heirs of Lem
Gaskins, a former owner of said property, making part of
their petition the record in the Succession of Lem Gaskins,
which shows that the said James Gaskins, and his co-heirs
named in the proceedings, were by ex parte judgment,ren-
dered and signed in chambers on the 14th day of February,
1917, by the Judge of the 27th Judicial District Court,
recognized as the sole heirs of the said Lem Gaskins, and
as such sent into possession in the proportion set out in
said ex parte judgment, of the property which is the sub-
ject of this suit.

This suit is directed against Otere Marshall, (or Mars)
Adam Bourgeois, James Priestly, Louis Therence, Jr., and
William Turemud, made joint defendants, and who it is
alleged are in actual physical possession each of different

portions of the above described property without title thereto and without right to remain in possession thereof.

They further contend that the said defendants refused to deliver possession of the property to them and pray for judgment recognizing plaintiffs as the true and lawful owners of the said property and that they be sent into possession thereof in the proportions set out in the succession proceedings referred to.

The defendants, Louis Therence, Jr., and James Priestly, never having been cited or in anywise entered into these proceedings, are not parties thereto. The other defendants filed exceptions of misjoinder of parties and vagueness, which being overruled and not now insisted on, subsequently filed answers, and the answers of Marshall and Bourgeois involving questions identical to be decided in this case.

Adam Bourgeois, one of the defendants, admits in his answer that he is in the actual physical possession of the following described property, to-wit:

"A portion or lot of ground situated in the Parish "of St. James on the left bank of the Mississippi "River, about 55 miles above the City of New Orleans, "measuring 36 feet front facing the Mississippi River, "and two acres ~~xxxxxx~~ in depth, bounded in front by the "land of Marshall and in the rear by lands formerly "belonging to Lem Gaskins, and above by lands belong- "ing to William Venus, and below by lands belonging "to Sam Jones."

He further avers that the above described property was purchased by him in good faith for value from Caroline Sheppard, Widow of Lem Gaskins, and that he has been in actual physical possession of same continuously, person-

291

ally, and publicly for over twenty years, which possession as above set out is admitted by plaintiff.

He further sets up in support of his ownership the prescription of ten years _acquirendi_ _causa_, which plea of prescription was maintained by the judge a quo.

Otere Marshall (or Mars), the other defendant, also asserts actual and physical possession of the property sought to be recovered by plaintiffs, which property is described as follows:

"A portion of ground situated in the Parish of St.
"James on the left bank of the Mississippi River,
"about 55 miles above the City of New Orleans, meas-
"uring two acres in length, bounded in front by the
"property of Ed. Green, and in the rear by that of
"Adam Bourgeois, above by lands of Tureaud, and below
"by lands of Ben Jacobs."

By admissions filed by both counsel of record in this case it is agreed that the property quoted above does not include all of the property which was acquired by said Marshall from Caroline Sheppard, and in order to definitely fix a description of the property, ownership of which is claimed by Marshall, it was agreed that in the event his plea of prescription was maintained by this Court, that the description of the property should read as follows:

"A portion of ground situated in the Parish of St.
"James on the left bank of the Mississippi River,
"about 55 miles above the City of New Orleans, meas-
"uring two acres in length by 36 feet in width, to
"be measured from the railroad track, and bounded in
"front and in the rear by other lands of said vendor,
"and above by lands of William Venus, and below by
"lands of Sam Jones; also a certain other lot or por-

"tion of ground situated in the Parish of St. James
"on the left bank of the Mississippi River, at about
"55 miles above the City of New Orleans, facing the
"River, by a depth of about 1 acre, bounded on the
"front and on the lower side by other lands of said
"purchaser, Otere Marshall, and above by lands of
"William Venus, and in the rear by a lot of ground of
"Adam Bourgeois."

And to both of these properties a plea of prescription of ten years acquirendi causa was urged also by Marshall.

It is admitted by counsel for plaintiffs that there is no doubt that these defendants have been in actual corporeal possession of their respective properties claimed by them for over ten years, but they urge that in order to support the ten years prescription there must be a deed accurately describing and locating the lands, which is lacking in this case.

In our opinion this claim is not well founded or supported by the evidence found in this record, for whilst it is true that no survey was made at the time of these respective sales to determine the exact locations of the properties in question in reference to the whole tract of which they originally claim a part, the fact nevertheless remains that the descriptions made were sufficient to enable both of these defendants to take physical possession of same, build their homes thereon, and to remain in possession thereof from the dates of their respective purchases up to the time of filing this suit, now more than twenty years.

We are therefore of the opinion that the defendants Otere Marshall (or Mars) and Adam Bourgeois have complied with all of the provisions of our law which enables them

to retain possession as owners of the properties claimed by them under their pleas of prescription of ten years acquirendi causa as urged by them. C. C. Art. 3478, 3479, 3481, 3482, 3485, 3486. Also see case of Jordan v. Richards, 114 La. 339; Bennett v. Calmes, et als, 116 La. 599.

The other defendant, Mrs. Agnes Therence, wife of Louis Therence, who was called in warranty by William Tureaud, sets up ownership to that portion of the property held by her, alleging that being in possession of same, it was encumbent upon plaintiffs to prove their ownership as heirs of Lem Gaskins, as claimed by them, which ownership is specifically denied by her.

It is true that this defendant in her answer denies that plaintiffs are the legal heirs of said Lem Gaskins, and that as such heirs they are entitled to the property now in her possession in the proportions set up by them, but no evidence was offered in her behalf to sustain that claim, whilst the plaintiffs' claim is based upon the judgment of the 37th Judicial District Court for the Parish of St. James, as shown by the record in the Succession of Lem Gaskins, being No. 3096 of the docket of said Court, which judgment and record were offered in evidence by plaintiffs hereto and held by our Court, in the absence of necessary proof, must be recognized as rendered. Glover v. Doty, 1 Rob. 130.

In so far as the claim of Mrs. Agnes Therence to this property based upon her heirship as natural heir of her mother, Mrs. Caroline Sheppard, the widow in necessitous circumstances of the deceased, Lem Gaskins, and inasmuch as the said Caroline Sheppard took no proceedings as widow

in necessitous circumstances to have the property herein claimed judicially transferred to her, the claim to this property now made by this defendant, on this ground, can not be maintained. Warner, et al v. Hall & Legan Lbr. Co. Ltd., 131 La. 82.

Defendant Mrs. Therence also claims ownership to one-half of this property as having been inherited by her from her deceased mother, Caroline Sheppard, whom she alleges that at the time of her death was the widow in community of Lem Gaskins. The record, however, does not disclose that Mrs. Caroline Sheppard was the widow in community of her predeceased husband, Lem Gaskins, in so far as this property is concerned; on the contrary, the record shows that the property in question was acquired by Lem Gaskins in 1876, whilst his marriage with the mother of this defendant did not take place until 1892, sixteen years thereafter.

The last claim set up by this defendant is, that in any event she is entitled to one-fourth of this property, same being the marital fourth acquired by her mother, Caroline Sheppard, at the death of Lem Gaskins, and subsequently inherited by defendant herein at the death of her mother.

This question has been passed upon by our Court on more than one occasion, and it is now well established by the jurisprudence of this State that the marital fourth is not a vested right, nor is the surviving spouse an heir to same, nor is she entitled to same as an inheritance. Succession of Rogge, 50 Ann. 1338; Succession of Justice, 44 Ann. 731.

For the reasons assigned, it is ordered, adjudged and decreed that the property claimed by Otere Marshall (or

Mars) under the plea of prescription of ten years acqui-
rendi causa set up by him be sustained, and he is hereby
decreed to be the owner of same, and as such owner be
maintained in possession of said property as follows:

"A certain lot of ground situated in the Parish of St.
"James on the left bank of the Mississippi River, at
"about 55 miles above the City of New Orleans, measur-
"ing 2 acres in length and 36 feet in width, to be
"measured from the railroad track, and bounded in
"the front and rear by other lands of the said vendor,
"above by lands of Williamx Venus, and below by lands
"of Sam Jones,"

and

"A certain lot of ground situated in the Parish of St.
"James on the left bank of the Mississippi River, at
"about 55 miles above the City of New Orleans, measur-
"ing 36 feet front facing the said River, by a depth
"of 1 acre, bounded in front and on the lower side by
"the other lands of said purchaser, Otere Marshall
"(or Mars), above by lands of William Venus, and in
"the rear by a lot of ground of Adam Bourgeois."

It is further ordered, adjudged and decreed that the
property claimed by Adam Bourgeois by the prescription
of ten years acquirendi causa set up by him, the defend-
ant in suit, be maintained, and that he, Adam Bourgeois,
remain in possession as owner of said property as follows:

"A portion or lot of ground situated in the Parish of
"St. James on the left bank of the Mississippi River,
"About 55 miles above the City of New Orleans, measur-
"ing 36 feet facing the Mississippi River, and 2 acres
"in depth, bounded in front af by the lands of Otere
"Marshall (or Mars), and in the rear by lands formerly

296

"belonging to Lem Gaskins, and above by lands belong-
"ing to William Venus, and below by lands belonging
"to Sam Jones."

It is further ordered, adjudged and decreed that the petition of James Gaskins, et als, plaintiffs herein, be recognized as the owners of that portion of the property now claimed by Agnes Therence, wife of Louis Therence, be maintained, and the claim of said Agnes Therence as owner of said property be and is herewith rejected.

It is further ordered, adjudged and decreed that the said James Gaskins and others named in the petition herein be sent into possession of the property claimed by Agnes Therence, as the owners thereof, in the proportions as set out in the judgment of the 28th Judicial District Court for the Parish of St. James in the matter of the Succession of Lem Gaskins, being No. 3096 of the docket of said Court.

The costs in the case of Otere Marshall (or Mars) and Adam Bourgeois to be paid by plaintiffs and appellants, and the costs in the case of Agnes Therence, wife of Louis Therence, to be paid by her.

Judgment amended and affirmed.