144 So. 486

**NETHERY et al. v. LOUISIANA CENTRAL LUMBER CO.**

No. 29274.

Oct. 31, 1932.

William H. Mecom, of Columbia, and Cas Moss, of Winnfield, for appellants.

Stubbs & Thompson, of Monroe, for appellee.

ROGERS, J.

Plaintiffs brought this suit to be recognized as the owners of an undivided one-half interest in and for the partition by licitation of the following described property, viz.:

"N. E. ¼ of section 14. S. ½ of N. E. ¼ and S. E. ¼, section 11, all in township 12 north, range 3 east, situated in Caldwell parish, Louisiana, and containing 440 acres, more or less."

Defendant denied plaintiffs' ownership in the land and their right to a partition thereof. Defendant also pleaded prescription and estoppel, and set up an alternative demand for one-half the purchase price and taxes paid and for the value of the improvements placed upon the property.

The court below sustained defendant's plea of prescription of ten years acquirendi causa, and plaintiffs have appealed from the judgment.

Susan A. Nethery acquired the land in dispute by purchase from E. Rogillio on December 27, 1871. The deed recites that $500 of the purchase price was paid in cash by the

purchaser, and that for the balance of the price, $1,500, she executed three notes of equal amount payable in one, two, and three years. E. T. Nethery, the husband of Susan A. Nethery, joined in the deed for the purpose of authorizing his wife to make the purchase.

On June 13, 1902, more than thirty years after her purchase, Susan A. Nethery sold the property to the defendant, Louisiana Central Lumber Company, for a cash consideration of $2,500, the receipt of which was expressly acknowledged in the act of sale by the vendor.

The Louisiana Central Lumber Company went into actual possession of the property immediately after its purchase. The company cut and removed the timber from the tract and placed valuable improvements on forty acres thereof. These forty acres lie within the limits of Clarks, the mill-town. The improvements consisted in clearing the land and in erecting forty-two houses thereon between the years 1904 and 1924 for use of the company's employees, the laying out of streets, and the running of telephone lines and electric light wires across the property. Defendant paid all the taxes and its possession of the tract of land was continuous and undisturbed until the institution of this suit.

E. T. Nethery, the husband of Susan A. Nethery, died on June 24, 1900, which was about two years before the sale of the property to the Louisiana Central Lumber Company.

There are eight plaintiffs, six children and two grandchildren of E. T. Nethery and Susan A. Nethery. All the plaintiffs, except the two grandchildren, were more than thirty-one years of age when this suit was instituted. The grandchildren were each about twenty-six years of age, but their fathers, predeceased sons of E. T. Nethery and Susan A. Nethery, died more than ten years after the sale by Susan A. Nethery to the defendant lumber company.

The prescription of ten years acquirendi causa is predicated on good faith and just title. Civ. Code, art. 3478. And in order to sustain the prescription a purchaser does not have to show that his vendor had title, if he honestly believes he is buying from the true owner. Civ. Code, art. 3484; Jordan v. Richards, 114 La. 329, 38 So. 206; Bennett v. Calmes, 116 La. 598, 40 So. 911; Clayton v. Rickerson, 160 La. 771, 107 So. 569.

It cannot be disputed that defendant had been in continuous possession of the tract of land for more than ten years under a title valid in form when the present suit was filed. Therefore, the only question to be determined on the plea of prescription is whether defendant was in good faith when it acquired the property.

Good faith is always presumed in matters of prescription; and he who alleges bad faith in the possessor must prove it. Civ. Code, art. 3481.

The testimony not only fails to show that defendant was in bad faith, but it seems to admit of no doubt of defendant's good faith, in purchasing the property.

The Louisiana Central Lumber Company began its operations at Clarks, in Caldwell parish, in the year 1902, and a few months thereafter bought the property in dispute. The lumber company was represented in the transaction by C. E. Slagle, its general manager. Mr. Slagle was a newcomer in Louisiana and was not acquainted with the people

of the parish. He testified that he did not know E. T. Nethery and had never heard of him until this suit was filed. Mr. Slagle was approached and informed by Will Nethery, one of the plaintiffs, that his mother Susan A. Nethery desired to sell the property. Upon receiving this information, Mr. Slagle caused the land to be cruised, and a few days prior to June 13, 1902, the date the deed was signed, accompanied by his superintendent, a Mr. Mason, called at the home of Mrs. Nethery and closed the deal for the property.

Mr. Slagle testified that he did not know whether Mrs. Nethery was married or a widow. He admitted that he knew she had grown children. Will Nethery, her son, had informed him that his mother desired to sell the land, and a daughter and son-in-law of Mrs. Nethery were present when Messrs. Slagle and Mason called at her home for the purpose of purchasing the property.

Mr. Slagle employed Mr. C. P. Thornhill, a lawyer of Caldwell parish, to prepare and furnish an abstract of title covering the property. This abstract disclosed that the property stood upon the public records in the name of Mrs. Susan A. Nethery. No intimation was given Mr. Slagle by any one that the children of Mrs. Nethery had any interest in the land. He thought it was her personal property as it was represented to be by Mrs. Nethery and her son, Will Nethery. Mr. Slagle dealt with Mrs. Nethery as the true owner of the land.

Appellants argue that the abstractor's notation, "any defects which have existed in this title is cured by the prescription of ten and thirty years," was sufficient to charge defendant with notice that it was acquiring a

defective title. The notation clearly referred to the title as it then existed in Susan A. Nethery. But no one is complaining of any defects in her title—the complaint is leveled at the deed by which Mrs. Nethery sold the entire tract instead of merely her half interest in the land. And Mr. Thornhill, the lawyer who prepared the abstract and made the notation, was of opinion that the title was valid, and so advised Mr. Slagle.

For the reasons assigned, the judgment appealed from is affirmed.

ST. PAUL, J., takes no part.