168 So. 134

SCOTT v. GORDON.

No. 28871.

March 30, 1936.

Rehearing Denied April 27, 1936.

Charles J. Mundy, of New Orleans, for appellant.

Lewis & Lewis, of Opelousas, for appellee.

ODOM, Justice.

On May 1, 1913, the sheriff of St. Landry parish sold at public auction under a writ of fieri facias all the rights, titles, and interests of J. Lemuel Scott, this plaintiff, in and to certain lands in that parish. Robert A. Gordon became the purchaser and recorded his deed in the conveyance records of the parish on the same day.

Scott brought this suit against Gordon, the purchaser, on October 27, 1925. He alleged that the sale was null and void for various reasons, among them being that no valid writ of fieri facias was issued by proper authorities; that no judgment was ever rendered against him; that he was never cited to appear before the court of St. Landry parish. He prayed that the purported sale of his interest in the property be decreed null, void, and of no effect.

Defendant excepted to the petition on the ground that it set out no cause of action. He also pleaded that plaintiff's action was barred by the prescription of five and ten years. He then answered, denying all the pertinent allegations of the petition.

There seems to have been no ruling on the exception and the pleas. On the merits the trial court held that plaintiff had failed to make out his case and dismissed his suit. From that judgment plaintiff appealed.

A certified copy of the sheriff's deed is in the record. It is in the usual form, reciting that by virtue of a writ of fieri facias issued out of the district court of

St. Landry parish in suit No. 17608, entitled Robert A. Gordon v. Lemuel Scott, he, the said sheriff, did seize all of the rights, titles, and interests of the judgment debtor in certain lands described and exposed the same at public sale for cash, "the conditions previously advertised according to law"; that he read the certificate of mortgages required by law; that Robert A. Gordon became the purchaser thereof for $600, "which I hereby acknowledge to have received."

According to the recitals of this deed, all the requisites of law were complied with. Plaintiff alleged that there was never a judgment rendered against him and that he had never been cited to appear in court. And yet there is in the record a certified copy of a judgment rendered in the suit No. 17608, styled Robert A. Gordon v. Lemuel Scott, which recites that:

"Plaintiff sues defendant, Lemuel Scott, on open account for the sum of two hundred twenty-four and 35/100 dollars. The defendant accepted service of the petition, waived all legal delays and confessed judgment for the amount sued for. For these reasons and because the law and the evidence are in favor thereof, ordered, adjudged and decreed that plaintiff, Robert A. Gordon, do have and recover judgment," etc.

The judgment was read and signed on December 13, 1905. The judgment was recorded in the mortgage records of the parish, and this copy was made from that record, because the original, as well as all papers and documents connected with the

suit, have been lost or destroyed. It is perhaps for that reason that this suit was filed.

■ But the fact that the originals are lost can avail plaintiff nothing now. The judgment which was rendered twenty years before this suit was filed speaks for itself. The judge who signed it was dead at the time this suit was filed, and the plaintiff cannot now deny that he spoke the truth when he said that, "Defendant accepted service of petition, waived all legal delays and confessed judgment." The sheriff and his chief deputy, who acted for him in making the sale, are both dead. Plaintiff alleges that no fieri facias was issued and, while none can be found either in the clerk's or the sheriff's office, the clerk's charge book of that period shows that a fieri facias was issued and that the usual charge for the same was made in the clerk's books. But even if there was no proof aside from the recitals of the deed itself that no fieri facias was issued, the recitals of the deed are sufficient.

■ In speaking of deeds made by sheriffs, the Code of Practice says, in article 698: "This act, thus recorded and delivered to the purchaser, shall be held as full proof of what it contains, in all the courts of this state, in the same manner as an act before a notary would be." Regularity in making judicial sales is always presumed, because "the law presumes that those things were done which it commanded to be done." Federal Land Bank of New Orleans v. Scallan, 179 La. 636, 154 So. 632, 635, and authorities there cited.

As against the recitals in the judgment and the sheriff's deed the plaintiff produced no testimony worthy of consideration. He offered no testimony except his own. He said that he was not in the parish of St. Landry at the time this judgment was obtained, but he contradicts himself on several points, and there is testimony that at about the same time this judgment was rendered against him there were others obtained by other parties, and the returns made by the sheriff in the other cases show that personal service was made upon him.

■ The sale was attacked on the further ground that the seizure and sale of "all the rights, titles and interests" in certain real estate without stating the quantum of the share belonging to the judgment debtor is too indefinite and uncertain to convey title to a purchaser, and counsel cites the case of Nulling v. Jones et al., 153 La. 1091, 97 So. 202, and the authorities cited by the court in that case.

But the plaintiff here, who was the judgment debtor in the sale proceeding, is in no position to attack the sale now for the reason that he permitted it to go through, permitted the purchaser, who is defendant in this case, to take possession of the property under this deed and hold it for more than ten years, and has never offered to return and does not now offer to refund to the purchaser the price which he paid, which was $600 cash. The cases cited by plaintiff are against him.

The judgment appealed from is correct and is affirmed.

O'NIELL, C. J., absent.