168 So. 136

**SCOTT et al. v. HAYES–GORDON et al.**

No. 28872.

March 30, 1936.

Rehearing Denied April 27, 1936.

Charles J. Mundy, of New Orleans, for appellants.

Lewis & Lewis, of Opelousas, for appellees.

ODOM, Justice.

This is a petitory action brought by plaintiffs to be decreed the owners of a small fractional interest in a tract of land situated in St. Landry parish. Defendant filed an exception of no cause of action and pleaded the prescription of five and ten years. The exception and the pleas were referred to the merits. Defendant in his answer denied that plaintiffs were the owners of any interest in the land. Plaintiffs' demands were rejected, and they appealed.

Whether the trial judge held that plaintiffs' action was barred by prescription, or whether he decided the case on its merits, does not clearly appear. However, the defendant's plea that plaintiffs' action is barred by the prescription of ten years is good and should be sustained. Article 3478 of the Civil Code reads as follows:

"He who acquires an immovable in good faith and by just title prescribes for it in ten years."

Plaintiffs are the children of Hampton Scott and Margaret Scott, who were married in 1872. .The tract of land involved was acquired during the existence of the community. Hampton Scott died in 1899. Shortly after his death Margaret Scott, the widow, upon her application, was decreed to be the owner of an undivided one half interest in the land and usufructuary of the other half interest.

Plaintiffs alleged in their petition that there were five children issue of the marriage between Hampton Scott and Margaret Scott, to wit, J. Lemuel Scott, Edith Scott, and Luverda Scott, who are the plaintiffs in the present suit, and Betsy Scott and Mary Scott, "who died without issue and unmarried."

On January 8, 1912, Luverda Scott, wife of Willie Ferris, one of the plaintiffs, sold by notarial act duly recorded, to Willis A. White, "her undivided one fourth interest in and to the following described property, to-wit." Then follows a description of the tract of land involved.

One month later, February 9, 1912, Margaret Scott, who styled herself "wife of Hampton Scott, now deceased," sold by notarial act, which was recorded, to the same Willis A. White "her undivided one half interest in and to" the same tract of land. White was then the record owner of an undivided three-fourths interest in the tract.

On August 13, 1913, Willis A. White sold to Robert A. Gordon, the defendant in this suit, "three fourths undivided interest in and to a certain piece or parcel of land"; the description being the same as that in the deeds to him by Luverda Scott and Margaret Scott. This deed is by notarial act duly recorded.

On May 1, 1913, the sheriff of St. Landry parish seized and sold under a writ of fieri facias to Robert A. Gordon the interest of J. Lemuel Scott in and to the same tract of land. See J. Lemuel Scott v. Robert A.

Gordon, 184 La. 1017, 168 So. 134, this day decided.

Therefore on May 1, 1913, the defendant Gordon was the record owner of an undivided three-fourths interest in the land, which came through Luverda Scott, one of the children of Hampton and Margaret Scott, and Margaret Scott, the widow, and also the record owner of the interest of J. Lemuel Scott.

The record shows beyond question that after the recordation of these deeds, all in due form and translative of property, the defendant Gordon took corporeal possession of the entire tract of land, and that he held and possessed it quietly, peaceably, without interruption, and continuously for more than ten years thereafter, or until the filing of this suit in October, 1925. It is well established also that he took and held possession in good faith and as owner.

As to defendant's possession, plaintiffs alleged in paragraph 19 of their petition:

"The said Robert A. Gordon, defendant, has been in the entire and complete possession and control of the aforesaid lands described in the third and seventh paragraphs of this petition and has collected the rents, issues and proceeds from the same for the past thirteen years or more and has never accounted to the plaintiffs or either of them for any part of the same."

The record shows further that when the defendant took possession of the entire tract of land as owner in 1913 under these deeds, he believed, and had good reason to believe, that he had purchased the entire interest in the land, from the real owners

thereof. At the time these deeds were made, only two of Hampton Scott's legitimate children, Luverda and Lemuel, were living. Betsy Scott was his legitimate child, but she died without issue long before any of the transfers were made, and without disposing of the interest in the land which she inherited from her father. Therefore her interest was inherited by her mother and her sister, Luverda, and her brother, Lemuel. The interest of the widow and of the two sole surviving heirs of Hampton Scott having passed to the defendant by deed, his good faith in believing that he owned the entire interest in the tract cannot be questioned.

■ There was nothing to put him on notice that he had not acquired the entire interest. On the contrary, everything indicated that he had. He knew the Scott family and its history.

That being true, it is not necessary for us to discuss the long and technical ramifications of plaintiffs' petition by which it is attempted to be shown that plaintiffs inherited the interest of Betsy Scott, which interest they say was never disposed of. Defendant is protected by prescription.

Plaintiffs were all of age in 1913, when defendant acquired the interest of the widow and of the sole surviving heirs of Hampton Scott in the land, and when he took possession of it as owner in good faith. They sat quietly by for thirteen years without protest, knowing all the while that defendant was not only claiming the land as his own but was physically occupying it.

. Even if it be conceded, which we think cannot reasonably be done, that they ever had the rights which they now claim, these rights were barred by the prescription of ten years, at the time this suit was brought. Bennett et al. v. Calmes, 116 La. 598, 40 So. 911.

"Good faith, to support the prescription of 10 years acquirendi causa, is based on the honest and positive belief of the possessor, founded on just reasons, that he is purchasing from the real owner." Knight v. Berwick Lumber Co., 130 La. 233, 57 So. 900; Brewster v. Hewes, 113 La. 45, 36 So. 883.

■ In so far as the plaintiff Edith Scott, widow of Charles Odear, is concerned, it is clearly shown that whereas she is a child of Hampton Scott and Margaret Scott, she was not born during or as a result of the marriage, and therefore never acquired by inheritance any interest in the land. Hampton Scott and Margaret Scott lived together for several years previous to the date on which they were married and Edith seems to be a child of their illicit union. Some two or three witnesses testified that they were present when Hampton and Margaret were married and that they had some two or three children at that time. It seems that they married because the rules of the church of which they wished to become members prohibited membership to those who were living together otherwise than in lawful wedlock.

As we have stated, shortly after Hampton Scott died, his widow, Margaret, petitioned the court to be recognized as the owner of an undivided one-half community interest in all the property acquired during the community, of which this tract of land

was a part. In her petition to the court she alleged that she had three children, issue of her marriage with Hampton Scott, namely, Lavertie (Luverda), wife of Willie Ferris, Betsy Scott, and Lemyon (Lemuel) Scott. No mention is made of Edith Scott in this petition.

The judgment rejecting plaintiffs' demands and dismissing their suit is correct and is affirmed, at their costs.

O'NIELL, C. J., absent.