### No. 6367.

STATE EX REL. ANAIS DE BOUCHEL, WIDOW BERENS, VS. THE JUDGE OF THE SECOND DISTRICT COURT, PARISH OF ORLEANS.

Under the circumstances of the case relator is not entitled to the relief she asks. The order which she obtained contradictorily with the parties in interest, requiring the sheriff to put her in possession of the property which she alleges was adjudicated to her by the auctioneer at the partition sale, was suspended by a suspensive appeal.

The answer to the assertion of relator that no appeal lies from an order of this kind requiring the sheriff to put a purchaser in possession of property adjudicated to him is, that said question can only arise in this court, which has jurisdiction of the order appealed from. Until this appeal is disposed of by this court, the judge *a quo* has no jurisdiction to enforce the order or judgment in question.

APPLICATION for a writ of mandamus and prohibition against the. judge of the Second District Court, parish of Orleans. *J. A. Rozier* and *E. Bermudez*, for relator. *Judge Tissot*, respondent, *in propriâ personâ*.

WYLY, J. This is an application for writs of mandamus and prohibition. Relator complains that the judge refuses to enforce an order of his court requiring the sheriff to put relator in possession of a lot of

State ex rel. Anais de Bouchel vs. the Judge of the Second District Court.

ground and certain buildings on St. Charles street in this city, which she purchased at a sale made by an auctioneer pursuant to an order of sale to effect a partition in the suit styled Cilina Boutté, Wife, etc., vs. Succession of F. P. Boutté. She also complains of an order of said judge on the tenth of August, 1876, authorizing the executors of F. P. Boutté to collect the rents of the property in question and apply the same to the payment of certain alleged privileged debts. In his answer the respondent avers that the property in question belonged to Charles P. Boutté and Francis P. Boutte in the ratio of one third and two thirds interest respectively. Each joint owner left a widow and heirs, present, of age and minors. It is averred that in answer to the rule why the sheriff should not put relator in possession of the property in question, the executors of F. P. Boutté and the executor of Chas. P. Boutté alleged that the judgment of partition ordering the sale was absolutely void, because the widow and heirs of F. P. Boutté, all present, some of age and some minors, were not cited and were not parties to the partition suit, and the testamentary executors of F. P. Boutté were not authorized to represent them; that on the issue thus made the rule was heard, and was made absolute by judgment, which was signed on the twenty-fifth of May, 1876; that from this judgment the executors of F. P. Boutté, deceased, also the widow and heirs, took a suspensive appeal, giving bond in the sum of $10,000. The same parties also took a devolutive appeal from the judgment of partition; it is averred that on the seventh of June, 1876, relator took a rule to set aside the suspensive appeal granted, which was discharged after hearing the parties.

Under the facts disclosed by the judge in his answer, we are of opinion relator is not entitled to the relief that she asks. The order which she obtained contradictorily with the parties in interest, requiring the sheriff to put her in possession of the property which she alleges was adjudicated to her by the auctioneer at the partition sale, was suspended by a suspensive appeal.

Relator contends, however, that no appeal lies from an order of this kind requiring the sheriff to put a purchaser in possession of property adjudicated to him. To this the answer is, that question can only arise in this court, which has jurisdiction of the order appealed from. Until the appeal is disposed of by this court, the judge below has no jurisdiction to enforce the order or judgment in question. We can not command the judge to invade the appellate jurisdiction of this court, as he would be compelled to do in attempting to enforce a judgment pending here on a suspensive appeal.

It is therefore ordered that the application herein for mandamus and prohibition be rejected, and the petition be dismissed at the costs of the relator.