## No. 11,506.

### MRS. S. DURWARD ET ALS. vs. MRS. JENNIE JEWETT ET ALS.

Where the issues involved are as to the ownership of a certain fund, and the District Court renders a decree in favor of plaintiffs, from which a devolutive appeal is taken by defendants, and the court afterward orders the fund distributed among those to whom it was adjudged in their application, the fund being on deposit in the court and under its control, no suspensive appeal can be taken by defendants from the interlocutory order of distribution. Such an appeal would arrest the execution of the judgment originally rendered, which can only be done by defendants by a suspensive appeal from it.

In such a case, no question of distribution of the fund among those to whom it was adjudged by the decree is presented. The judgment, not having been suspensively appealed from, must be executed.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Morris Marks, L. DePoorter* and *Albert Voorheis* for the motion:

This court is without jurisdiction *ratione materiæ;* the interest of all the appellants united amounts only to thirty-two dollars, as formally admitted by them.

It is true there are two thousand three hundred dollars deposited in the registry of the court; but there are one hundred and eighty members of the Branch Lodge, so that the appellants' respective interests are infinitesimal. They presume to *champion* the rights and interests of their co-members—*all of them appellees;* but the latter have never conferred on them such mandate. Succession Wellmeier, 34 An. 819.

There is another fatal objection. The main judgment is under *devolutive* appeal, and the rule taken to enforce that judgment was made absolute upon auditor's report. This interlocutory decree is not appealable. Murphy vs. Murphy, 45 An. 433; State vs. Judge, 45 An. 883.

*Branch K. Miller contra.*

The Supreme Court has jurisdiction where the fund to be distributed exceeds two thousand dollars, whatever may be the amount claimed. 34 An. 1140; 39 An. 583; 40 An. 135, 136; 43 An. 423, 424, 375.

The opinion of the court was delivered by

McEnery, J. The plaintiffs are members of the Branch No. 1148 of the order of the Iron Hall. This branch is located in New Orleans. Fearing that defendants would dispose of the property which they held in trust for said branch for the benefit of plaintiffs and other members. of said branch, and that there was no one to whom they could turn over the property, and fearing the same would be removed beyond the limits of Louisiana, the plaintiffs sued out an injunction commanding defendants to retain possession of all of said property, money, mort-

gage notes, etc., and restraining them from disposing of the same; and they be ordered to deposit said money, etc., in court for benefit of plaintiffs and all members of said branch.

The defendants answered that the money subject to the suit constituted the reserve fund of twenty per cent. assessments loaned in all local branches of the parent body of the order; that said money is the property of the order, whose headquarters are at Indianapolis, Indiana, and that the New Orleans branch held said money in trust for the order, and that a demand had been made upon said branch for the same.

There was judgment ordering the defendants to deposit in court the property, money, etc., in controversy, reserving the rights of any and all parties claiming any title or interest in said fund or to said property. The injunction was perpetuated, from which judgment defendants took a devolutive appeal. The amount deposited in court was two thousand four hundred and seventy-seven dollars and thirty cents.

After this judgment was rendered on motion of plaintiffs, suggesting that a distribution of the fund should be made between the parties, members or former members of said Branch 1148, and that the funds could not be distributed without the appointment of an audtor, B. Dryfous was appointed to make a full and final settlement of the amount due to each and every member of said branch, to make a tableau of distribution, deducting costs and attorney's fees. A report was made by the auditor, and the plaintiffs filed a rule against defendants to show cause why the tableau and report filed by the auditor should not be homologated and approved. In answer to the rule, defendants set up want of authority for the appointment of an auditor *ex parte*; that the funds sought to be distributed did not belong to the members of said Branch 1148, but to the Supreme Sitting of the order, by which we understand the central authority of the order, and therefore could not be distributed as proposed.

The District Court rendered a judgment on the rule homologating the auditor's report, and ordered the fund distributed. From this judgment the defendants took a suspensive appeal.

. The appellees move to dismiss the appeal on the grounds that the appellants' interest in the fund is less than two thousand dollars, and their entire interest amounts only to one hundred and forty-two

dollars and ninety cents; and that this order is an interlocutory one, carrying into execution on original judgment.

Act 81 of the Constitution conferring jurisdiction on the Supreme Court when an amount is to be distributed uses the language: * * * "the fund to be distributed, whatever may be the amount therein claimed." Whan vs. Irwin, 27 An. 708; State vs. Judge, 30 An. 229; Boutte vs. Ex., 30 An. 177; State ex rel. Paper Co. 45 An. 1418; Murphy vs. Murphy, 45 An. 433.

We are not required by the pleadings to make any distribution of the fund among those to whom by the decree of the lower court it was adjudged. The defence to the rule is identical with that in the original suit from which the interlocutory order sprung. There was. no suspensive appeal taken from that judgment, and its execution can not be arrested by defendants. Code Practice, Art. 578.

The interlocutory order is in execution of this judgment. A suspensive appeal from this order in effect arrests its execution.

We have repeatedly held that no appeal will lie from an interlocutory order which carries into effect a judgment which has become final, or from which no suspensive appeal has been taken. If, in carrying into execution the decree of the lower court, the judge exceeds the bounds of his jurisdiction, or acts illegally, other convenient and practical modes are provided by which the wrong done can be remedied by this court.

The original judgment appealed from by devolutive appeal in case of same plaintiffs versus same defendants, No. 11,408, having been this day annulled and reversed, the interlocutory order distributing the proceeds falls with the judgment, and no distribution of the funds can, therefore be made as ordered by the court.

The appeal is dismissed.