THOMPSON, J.
 

 On February 10, 1925, Robex-t Ruffin Barrow sold to Doneldson Ofiffery certain real estate for $75,000 of which price $35,000 was paid in cash. For the balance the purchaser executed his note to his own order and by him indorsed in blank and payable one year after date. The note was paraphed to identify it with the act of sale and mortgage. The act was authentic and imported a confession of judgment authorizing the holder as well as any future holder of the note, in case of nonpayment at maturity, tc> seize and sell the property without benefit of appraisement to satisfy the debt.
 

 The act of mortgage also contained the pact of nonalienation and further stipulated that the note should bear no personal liability against the maker and should operate only in rem. '
 

 On June 22, 1925, Caffery sold the property to William T. Nolan, and the latter on July 9th sold to the Westwego Canal & Terminal Company, Inc.
 

 The note not having been paid at maturity, the relator Mrs. Jennie Tennant Barrow, the surviving widow of Robert Ruffin Barrow, as owner and holder, obtained against Caffery an order of seizure and sale of the mortgage property. No personal liability was sought in the executory process against Caffexy.
 

 Thereafter Caffery applied for a rule on the seizing creditor to show cause why a preliminary injunction should not be issued to prevent the seizure and sale of the property, alleging as a ground that the stipulation in the act of mortgage that no personal liability should attach.to the maker of the note rendered the said note nonnegotiable, and hence no one but the original owner and holder could proceed by executory process.
 

 The rule was issued'to the mox-tgage creditor to show cause on a day fixed why a preliminary injunction should not be granted, and in the meantime all further proceedings were stayed.
 

 To this rule the seizing creditor filed an exception of no right and no cause of action, which after due hearing was sustained and the restraining order dissolved and the preliminary injunction denied.
 

 In the meantime and before thife judgment was signed, the Westwego Canal & Terminal C'ompaixy obtained f tom the chief deputy clerk 'of court an order for both a suspensive and devolutive appeal from the order of seizuxo and sale on a bond fixed at $500.
 

 In the application for the appeal
 
 it was
 
 alleged that the company was owner of the property, had an interest in the litigation,
 
 *781
 
 and was injured and prejudiced by the said order of seizure and sale.
 

 Two days later, on motion of Caffery, the court granted an order for a devolutive appeal from the order dissolving the restraining order which had theretofore been issued and fixed the appeal bond at $500. It was further ordered that all proceedings in the cause be stayed until the devolutive appeal was decided on the plaintiff in injunction giving bond in the sum of $5,000.
 

 In her application to this court the relator complains that both the appeal granted to the present owner of the property from the order of seizure and sale, and the stay order granted to Oaffery, were without "warrant in law and are null and void and should be vacated and set aside. All interested parties are presently before the court in this proceeding.
 

 In his return the respondent judge alleges that his action was within the law and that he only exercised the discretion vested in him by Act 29 of 1924 and that the chief deputy clerk was fully empowered to grant the order of appeal from the order of seizure and sale.
 

 "We are not presently concerned with, and shall not discuss, the authority of the deputy to grant the devolutive appeal. It suffices to say that the order of seizure and sale was signed on March 30, and the appeal was obtained on April 19,1926.
 

 The delay for a suspensive appeal having elapsed, it is obvious the deputy clerk was without authority to grant a suspensive appeal.
 

 In the case of Borah & Landen v. O’Neill, 121 La. 752, 46 So. 788, it was held that an order by virtue of which a writ of seizure and sale may.issue is in so far a judgment as that an appeal will lie, and that the time and conditions within and upon which the appeal is to be taken in order to suspend the execution of such judgment are regulated by Code of Practice, art. 575, citing Tilghman v. Dias, 12 Mart. (O. S.) 691; Gurlie et al. v. Coquet, 3 Mart. (N. S.) 499; Mathe v. McCrystal, 11 La. Ann. 4.
 

 It is very clear that the order of the deputy clerk, in so far as it granted a suspensive appeal from the order of seizure and sale, was and is an absolute nullity and must be set aside.
 

 Act 29 of 1924, as its title indicates, had for its object the regulation of procedure and practice in the courts and the power of the courts to issue temporary restraining orders and preliminary writs of injunction.
 

 It is provided in said act that no writ of injunction shall be issued without notice to the opposite party and an opportunity given for hearing. That pending the hearing for a preliminary injunction the court may in its discretion issue a temporary restraining order against the defendant upon such bond as the court may fix.
 

 That upon a hearing where the restraining order is granted, refused, dissolved, or continued, no appeal shall be allowed therefrom. But if upon a hearing a preliminary writ of injunction is granted, continued, refused, or dissolved by an interlocutory decree, a devolutive but not a suspensive appeal may be taken as a matter of right. And after a reasonable notice is given to the party applying for an injunction, the court may in its discretion allow to the party against whom the injunction is issued a suspensive appeal, and the court may, in its discretion, also stay further proceedings in the cause until the appeal has been decided.
 

 It is further provided that if a suspensive appeal is denied the party enjoined, by the lower court, the appellate court having jurisdiction, or any judge thereof, may, in like circumstances and under like conditions allow the same; but ‘the proceedings in other respects in the court below shall not be stayed during the pendency of. such appeal, unless otherwise ordered by the .court granting the same. ‘
 

 
 *783
 
 We have noted at some length the pertinent provisions of the statute under consideration because of the contention of the respondent judge that his discretion to grant the-stay order here in Question is not limited by the statute.
 

 The contention seems to be based on that part of section 5 of the act which says:
 

 “But the proceedings in other respects in the court below shall not be stayed * * *
 
 unless otherwise ordered by the court granting the same"
 
 Underscoring by the writer.
 

 The learned respondent judge seems to be of the opinion that the words underscored vest in him the discretion of granting the stay order.
 

 We think the learned judge has misconstrued the language of the act. Nowhere in the whole act has a suspensive appeal been allowed as a matter of right to either party, the one enjoining or the one enjoined.
 

 In the very beginning of section 5 of the act, it is expressly provided that no suspensive appeal may be taken as a matter of right from an interlocutory decree granting or refusing a preliminary writ of injunction, but the judge in his discretion is authorized to grant a suspensive appeal to the party
 
 enjoined,
 
 where, on such hearing, a preliminary injunction has been granted.
 

 The judge is not, however, vested with any discretion to grant a suspensive appeal to the party who has been denied a preliminary' injunction. ,
 

 It would create an anomaly to hold that the judge is without authority to grant a suspensive appeal from an order refusing an injunction and yet at the same time has the authority to issue a stay order as a substitute or to take the place of a suspensive appeal.
 

 The words, “unless otherwise ordered by the court granting the same,” mean unless otherwise ordered by the court granting the appeal.
 

 Our conclusion is therefore that the stay order herein complained of was improperly granted by the lower court.
 

 For tile reasons assigned, it is ordered and decreed that the order of the chief deputy clerk of court, in so far as it grants a suspensive appeal, from the order of seizure and sale, be annulled and set aside.
 

 It is further ordered and decreed that the order staying all proceedings under the writ of seizure and sale rendered by the court below be and the same is also annulled and set aside.
 

 The respondents, other than the judge of the court below, to pay all costs of this proceeding.