THOMPSON, J.
 

 The cases styled and numbered in the caption present three separate appeals growing out of an attempt by the plaintiff to foreclose via executiva a mortgage on certain property described in the pleadings.
 

 The first is a devolutive appeal by defendant, Caffery, from an order refusing a preliminary injunction against the executory process after hearing on a rule nisi.
 

 The second is a devolutive appeal by the Westwego Canal & Terminal Company, Incorporated, the present owner of the mortgaged property, from the order of .seizure and sale.
 

 The third is both a suspensive and devolutive appeal by the plaintiff from an order granting the Westwego Canal & Terminal Company a preliminary injunction against the sale under executory process.
 

 The plaintiff has moved to dismiss the two first-mentioned appeals for the reasons: (1) That the plaintiff was not served with the order of appeal and was not cited to answer the appeal; and (2) that there can be no appeal from a judgment dissolving a restraining order nor a devolutive appeal from an order of executory process.
 

 It appears that the two appeals were granted on motion of counsel representing the appellants. The orders did not direct service and citation, but it was the duty of the clerk of court to have caused such notice to be given and service made.
 

 Under the circumstances, we do not think the failure of the clerk to perform that duty can be visited on the appellants.
 

 It is well settled that an appeal will not be dismissed because the appellee was not cited to answer the appeal, when the failure to issue the citation was due to the neglect of the clerk and was not the fault of the appellant. Taylor v. Allen, 151 La. 82, 91 So. 635.
 

 However, it appears that the plaintiff and appellee in an application for writs, in case No. 27949 (161 La. 778, 109 So. 488) on the docket of this court, took cognizance of the two appeals and thereby waived the want of notice and citation of appeal. The appellee is therefore precluded from now asking the dismissal of the appeals on the ground stated.
 

 While the order on its face appears to grant an appeal to Caffery only from the judgment dissolving the restraining order, from which no appeal is allowable,- nevertheless the judgment refused the preliminary
 
 *981
 
 injunction, and it is from that judgment we think the appeal was intended to be taken.
 

 The last ground for the dismissal of the appeal of the Westwego Canal
 
 &
 
 Terminal Company is that no devolutive appeal lies from an order of executory process.
 

 This is unquestionably true in a case where the executory proceedings have culminated in a seizure and sale of the mortgaged property.
 

 And the reason for the rule is that when the writ has thus become functus officio, a reversal of the judgment or order of executory process on a devolutive appeal would not authorize the undoing of what had been done in execution of the order appealed from. Citizens’ Bank v. Bellamy Lbr. Co., 140 La. 497, 73 So. 308; King v. Hardwood Mfg. Co., 140 La. 753, 73 So. 853; Jefferson v. Gamm, 150 La. 372, 90 So. 6S2.
 

 As was said in Jones v. Bouanchaud, 158 La. 27, 30, 103 So. 393, 394:
 

 “And, should the sale take place pending the [devolutive] appeal, said appeal would then present only a moot question. * * * It would decide nothing as to the validity of the debt sued upon. Hence such an appeal could not be entertained after the sale of the property under the writ.”
 

 It has never been held, however, that a devolutive appeal will not be maintained from an order of executory process, where it does not appear that the writ has been executed and the property seized and sold.
 

 Such is the situation here. The property has not been sold and the execution of the writ has been stayed by injunction.
 

 We are of the opinion, therefore, that the appellant is entitled to have the devolutive appeal considered by this court.
 

 Before discussing the issues raised on the several appeals, it may be well to give a brief statement of the facts as disclosed by the pleadings and the documents filed in connection therewith.
 

 On February 10, 1925, Robert Ruffin Barrow sold with full warranty of title, and with full subrogation of all warranties to which he was entitled, unto Donelson Caffery who appears to have been acting as trustee for Richardson, Higgins, and Alexander, a certain tract of land fronting on the Mississippi river, in the town of Westwego, having a frontage of 1 arpent on said river and a depth between parallel lines of 100 arpents.
 

 Also a tract of one-half arpent on either side of Bayou Senette, beginning at a point where said bayou first intersects the continuation of the rear line of said tract and continuing to a point where said bayou finally enters said tract nearest the Mississippi river.
 

 Being the same property acquired by act of sale from Camille Zeringue to Barataria
 
 &
 
 Lafourche Canal Company, passed on April 21, 1830, before Felix de Armos, notary public for the parish of Orleans, and recorded in the parish of Jefferson in Conveyance Book 1, folio 330.
 

 Together with all the batture rights, privileges, and servitudes appurtenant thereto and all of the buildings and improvements situated thereon, including the canal situated thereon, known as the Barataria and Lafourche Canal, and its locks and appurtenances and the rights and privileges belonging or incidental thereto.
 

 All such rights, title, interest, and privileges, including banks and batture rights, rights of way franchise, public grants, and privileges of any nature whatsoever in and to all the portions of the canal and its connections known as Barataria and Lafourche Canal, lying in the parish of Jefferson, whether within or without the tract of land first described above, as said Barrow may have in his own right, or as successor to the right, title, privileges, and franchises of the Barataria
 
 &
 
 Lafourche Canal Company and its stockholders.
 

 Being a part of the same property the ven
 
 *983
 
 dor declares he acquired from F. E. Tennent by act of sale passed before Aubin Bourg, a notary public of the parish of Terrebonne, on June 11, 1887,, registered in the parish of Jefferson, December 6, 1887, in G. O. B. R., folio 439.
 

 The consideration for the sale to Gaffery was $75,000, of which $35,000 was paid in cash, and for the balance the said Gaffery executed his note payable one year after date to his own order and by him indorsed in blank. To secure the said note, the vendor’s privilege was specially recognized, and the said land was specially mortgaged and hypothecated in favor of any future holder or holders of said note, and the purchaser agreed 'that any such holder should have the right to cause said property to be seized and sold to satisfy said note. The purchaser further bound himself not to alienate or in any manner incumber the said property to the prejudice of the said mortgage.
 

 It was further stipulated that the note should bear no personal liability against the maker, but should operate only on the land.
 

 The vendor Barrow, as a part of the consideration paid him, bound himself to dredge the canal from the railway,- bridge to the locks at river end to a depth of six feet; to dredge the basin between gates to.floor of same; to dredge mud lump and sand bar between front locks and river proper same as basin, and also to clean in and around lock gates that they may be properly opened and closed, said dredging to start within 15 days after sale. . '
 

 On February 23, 1925, Richardson, one of the parties for whom Gaffery acted as trustee in the purchase, brought suit to have the property sold at public auction in order to effect a partition. This suit was brought against the other two co-owners, Alexander and Higgins; and Gaffery, trustee.
 

 Issue was joined in the suit and on April 13, 1925, judgment was rendered ordering a sale to effect a partition.
 

 Accordingly, after due advertisement, the land was offered for sale and adjudicated to Wm. T. Nolan on May 21, 1925, by O. A. Tessier, auctioneer. A procSs verbal of said sale was made to Nolan by Tessier on June 3, 1925. Caffery joined in this proe5s verbal.
 

 In this sale Nolan, as a part of the consideration, assumed the payment of the note executed by Gaffery for $40,000 and the mortgage securing the same, “to the same extent and in the same manner that Gaffery was bound but no further.”
 

 On July 8, 1925, the Westwego Canal & Terminal Company was incorporated with a capital stock of $250,000 divided into 2,500 shares of the par value of $100 each, of which stock Nolan subscribed for 2,000 shares; Richardson, 1 share; and N. Marinoni, 1 share.
 

 On July 9, 1925, Nolan sold the land to the Westwego Canal & Terminal Company. The consideration of this sale was $200,000, which was paid to Nolan by the issuance to him of 2,000 shares of the corporation capital stock. The corporation assumed the payment of the Caffery note of $40,000 to the same extent as Caffery and Nolan were bound and no further.
 

 In this last-mentioned act of sale it was stipulated that Nolan, the.vendor, did not warrant the “location, description, or measurement of the property conveyed and only sells such property as was transferred to him.”
 

 The Gaffery note matured on February 10, 1926, and on March 30th of that year Mrs. Tennent, widow of Robert Ruffin Barrow, obtained an order for seizure and sale of the mortgage property to satisfy the' note executed by Gaffery.
 

 The executory process was met with an application by Gaffery for a preliminary
 
 *985
 
 injunction, the sole'basis of which was that the note was rendered nonnegotiable by reason of the stipulation in the act of mortgage that the note should not bear any personal liability against the maker, that there was no assignment of said note to Mrs. -Tennent, and that the seizure should have been- and could only be directed against the then owner of the property.
 

 On a hearing of the rule nisi the preliminary injunction was refused, and from that order the first appeal was taken.
 

 The ruling was obviously correct. The note was made payable to Caffery’s own order and was indorsed in blank. These facts were recited in the authentic act of sale and mortgage. The act further provided that the holder or any future holder of the note should have the right to proceed by executory process against the mortgage property to enforce payment of the note.
 

 There was no attempt to hold Caffery personally liable on the note, and, indeed, could not have been in a proceeding of that character. The note was therefore negotiable in law and in fact and was transferable by mere delivery. The exemption in the mortgage pf the maker from personal liability did not affect in any manner the negotiable character of the note.
 

 As we have already noted, the act of mortgage contains the pact de non alienando, but, even if that were not true, Caffery could not be heard to argue that the proceeding should have been taken against the third purchaser of the property; particularly is this true when no personal liability on the note was sought against him.
 

 It is well settled that a mortgagee may enforce his mortgage by proceeding against the mortgagor alone, notwithstanding the alienation of the property. Chase v. New Orleans Gaslight Co., 45 La. Ann. 308, 12 So. 308, and authorities there cited.
 

 Executory process is a process in rem, but the mortgagee may foreclose against mortgagor alone notwithstanding the confiscation of the property. Avegno v. Schmidt, 113 U. S. 293, 5 S. Ct. 487, 28 L. Ed. 976.
 

 Our conclusion is that the preliminary injunction applied for by Caffery wás properly refused.
 

 The appeal by the Westwego Canal & Terminal Company from the order of seizure and sale presents nothing that would justify this court in setting aside the order.
 

 The order was based on authentic evidence, and there is no irregularity appearing on the face of the petition and order. Indeed, there is no error suggested in the motion for appeal. The only basis for the appeal is that the company was the owner of the property.
 

 The company took the property subject to the mortgage, and, as we have already seen, the plaintiff had the right to proceed directly against Caffery, ignoring the subsequent purchasers.
 

 It is argued, however, that there was np authentic evidence that the vendor in the sale to Caffery had complied with the obligation expressed in the act of sale to do certain dredging of the canal and which was a part of the consideration of the note, and for the lack of such authentic evidence the order improperly issued.
 

 The note was an unconditional obligation to pay a stated sum of money at a fixed time, restricted, however, to the land mortgaged to secure its payment. If the conditions and stipulations contained in the mortgage had not been complied with, and if for that reason there was a want or failure of consideration, the burden was on the maker of the note or upon the owner of the land resisting the enforcement of the mortgage to show such failure of consideration or want of compliance with the conditions. It was not incumbent on plaintiff to produce authentic evidence of performance as a condition precedent to obtaining executory process.
 

 
 *987
 
 A more serious, if not, in fact, the pivotal question in this litigation, is involved in the-appeal by the plaintiff.
 

 After this court set aside the suspensive appeal of the Westwego Canal & Terminal Company (161 La. 778, 109 So. 488), the company applied for a preliminary injunction without bond on the ground that the consideration for which the note and mortgage were given had failed.
 

 In the petition for injunction it is alleged that since the acquisition of said property petitioner has discovered that Barrow, the vendor of Caffery, did not own all of the property which ne purported to sell, and that the title to said property is outstanding in other parties; that the deficiency in acreage as shown by map and survey is estimated at 200 arpents and exceeds in value the sum of $40,000.
 

 It was further alleged that the land which said Barrow pretended to sell and which he did not own comprises a material part of petitioner’s purchase, and that without said tract they would not have bought the said property at all.
 

 To the petition for injunction the mortgage creditor pleaded: (1) Exception of no right or cause of action; (2) res adjudicata; (3) prescription of one year; and (4) estoppel—■ all of which exceptions were overruled.
 

 With reservation the plaintiff answered, denying that Barrow had sold to Caffery any land that he did not own, and alleging that the land sold was the land acquired from Camille Zeringue and no other.
 

 After trial the court sustained the rule and granted a preliminary injunction on the applicant furnishing a bond in the sum of $7,-500.
 

 Preliminary to the main issue in the case, the plaintiff contends that the court was without authority to issue an injunction on bond because only an injunction without bond was applied for.
 

 It is true, the petition alleged that on account of failure of consideration of the note the petitioner was entitled under the law to an injunction without bond, but the prayer of the petition was for an injunction restraining the seizure and sale of the property and for general relief.
 

 No mention whatever was made in the prayer of the petition as to an injunction without bond.
 

 If the trial judge was of the opinion that an injunction should issue only upon bond to be furnished by the applicant, it was within his discretion to so order, and such order was justified by the prayer of the petition. We fail to see wherein the plaintiff can complain.
 

 It is next contended that the applicant for injunction is a third person, and not the debtor, and therefore could only have proceeded by third opposition.
 

 It is sufficient answer to say that the applicant for injunction holds a deed to the land which is sought to be seized and sold, and to that extent and quoad the land the applicant is plaintiff’s debtor ana had the right to apply for an injunction on the ground alleged in the petition.
 

 Moreover, the petition for injunction is in usual form and prays for injunction and, finally, for a cancellation of the note and mortgage. It is therefore immaterial whether the petition was filed in the original proceeding of foreclosure, or as an independent suit to be styled third opposition.
 

 The first plea of res adjudicata filed by plaintiff is based on the judgment denying a preliminary injunction to Caffery.
 

 It is contended that for the purposes of this litigation the rights of the company and of Caffery are identical, and that any judgment against Caffery is binding on his vendee, the company, and, further, that a party litigant is required to set up whatever defense may be at his command and is not at liberty to re
 
 *989
 
 serve what he pleases and make it the basis of new litigation.
 

 There was no issue of deficiency in the land and no plea of want or failure of consideration of the note sued on, in Cattery’s application for injunction. The Westwego company was not party to that proceeding, although the company had acquired title to the land long prior to that proceeding. At the time Caffery applied for the injunction he had divested himself of any title to the land which he may have had. While Caffery was bound in warranty and while the plaintiff had the right to proceed against him, notwithstanding he had sold the property, we are unable to conceive how the failure of Caffery to set up want of consideration of the note because of the defective title to the land can be binding on or have the effect of the thing adjudged against the company.
 

 It might be different if the company had acquired the land after the judgment now pleaded as res adjudicata had been rendered. McWilliams v. Gulf States, etc., 111 La. 198, 35 So. 514.
 

 In Woodcock v. Baldwin, 110 La. 270, 275, 34 So. 440, 441, it was said that:
 

 “The doctrine of the common-law courts that res judicata includes not only everything pleaded in a cause, but even that which might have been pleaded, does not obtain generally under our system.”
 

 A second plea of res- adjudicata is based on a judgment of partition rendered at the suit of Richardson against the other two eopurchasers with him, and Caffery, trustee.
 

 It is contended that Nolan, the vendor of the Westwego company, as purchaser at the partition sale, is precluded from questioning the title to the property partitioned, and that his vendee, the Westwego company, can have no greater rights.
 

 There might be some force in the contention if the contest was between the parties to the partition suit. Neither party to the partition suit nor the purchaser at the partition sale could be heard thereafter to deny, as against the other parties and to their prejudice, the ownership of the property as represented in the partition suit and the judicial sale.
 

 There was, however, no issue of titlé to the land anterior to that of Caffery, the trustee, presented in the partition suit. Barrow, the then holder of the mortgage note, was not a party to the partition suit. The judgment of partition went no further than to order a sale of the property bought by Caffery from Barrow and no other. If Barrow did not own in its entirety the property he purported to sell, we are unable to see how the judgment of partition could make him the owner in so far as to preclude subsequent purchasers from pleading such want of ownership, even though such purchasers be the vendees at a judicial sale.
 

 The authorities cited by counsel for appellant in the last appeal, in our opinion, have no application to the facts presented here. The plea of res adjudicata is not well founded.
 

 The plea of estoppel is grounded on certain allegations contained in a suit by the Westwego company against the Marrero Land & Improvement Association, in which plaintiff alleged that it was in possession and was the owner of the same property, which, it now asserts, was not received in its title from Barrow.
 

 It appears that the suit, in which the allegations relied on as constituting judicial estoppel were made, was discontinued on motion of counsel for the plaintiff in that suit with full reservation of all rights.
 

 It is no longer open to question in this state that parties are not bound by judicial allegations of fact which terminate unsuccessfully, and especially is this true where the party pleading such allegations as estoppel has not acted on such allegations and has not been prejudiced thereby.
 

 
 *991
 
 The exception of no cause of action is predicated upon the contention that the petition for injunction does not allege facts which show that Barrow actually sold Caffery property which he did not own and which is in the possession of other parties.
 

 The original petition specifically describes, by reference to an attached map, the particular land which was called for by the deed from Barrow to Gaft'ery, and which it is alleged that Barrow did not own and never acquired in his purchase -from Camille Zeringue.
 

 It is alleged that there is an outstanding title to the land so described in the Marrero Land & Improvement Company, who is claiming said land in a suit in the civil district court of the parish of Orleans. '
 

 In a supplemental petition it is alleged that the tract, which Camille Zeringue never owned and which Barrow never acquired, is also claimed and held by Miss Mary Beably, whose title is fully set forth in said supplemental petition.
 

 If these allegations are true, and we must assume them to be true, then there is an outstanding title to a part of the property which Barrow sold to Caffery and the title to which he warranted.
 

 It is contended that, under the law, a party must show an actual eviction before he can refuse to pay the purchase price, or, if already paid, before he can sue to recover the price and rescind the sale.
 

 This is not in accord with the present jurisprudence.
 

 In Bonvillain v. Bodenheimer, 117 La. 793, 794, 42 So. 273, on rehearing, it was held that:
 

 “The sale of a thing belonging to another person is null. Civ. Code art. 2452 (2427); Code Napoleon, art. 1599. In such case the purchaser incurs no obligation to pay the price, and may sue to annul the sale and recover the price paid at any time, though -he may not have been actually evicted- or disturbed in his possession by the true owner.” :
 

 See, also, Robbins v. Martin, 43 La. Ann. 488, 9 So. 108.
 

 Our conclusion is that the allegations of the petition and of the supplemental petition disclose a cause of action.
 

 It may be that on a final trial of the case the plaintiff will be able to show that Caffery and his vendees received all of the land which ’Barrow intended to sell and all that was included in the deed, and that said deed did not, when all'parts are construed together, include that part of the land which it is now claimed Barrow did not own.
 

 Our present opinion, based' on the record as made up, is that the Westwego Canal & Terminal Company has made such a showing as justified the lower court in issuing the preliminary injunction.
 

 It is therefore ordered that the judgments in all three of the appeals herein involved be affirmed at the costs of the respective' appellants.