No. 2774

Second Circuit

TRIMBLE v. CHAVIS

(July 1, 1929. Opinion and Decree.)

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for plaintiff, appellee.

T. H. McGregor, of Rayville, attorney for defendant, appellant.

## ON MOTION TO DISMISS APPEAL

ODOM, J. Defendant appealed devolutively from an order of seizure and sale in executory proceedings, and plaintiff, appellee, moves to dismiss the appeal on the ground that the writ has long since been executed, the mortgaged property sold, and the writ is, therefore, functus officio.

The facts are that on September 15, 1925, plaintiff obtained an order of seizure and sale in an executory proceeding commanding the Sheriff to seize and sell certain property owned by defendant on which plaintiff held a mortgage. On November 12th, following, defendant sought to enjoin the sale of the property and a temporary restraining order was granted, but, upon trial of the rule to show cause, the order was recalled by the Court and relief was refused, and defendant's suit was voluntarily dismissed by her counsel on January 9, 1926.

On the same day defendant filed a second suit in which she sought injunctive relief from the order to sell her property. The case was tried on June 19th, when her demands were rejected.

Previous to the latter date, however, on May 29th, defendant applied for and was granted a devolutive appeal from the order of seizure and sale, dated September 25, 1925, and the appeal was lodged in this Court on July 26, 1926.

On July 3, 1926, after defendant's demands under her second suit for injunction had been denied, the Sheriff sold the mortgaged property at public auction under the original writ to George B. Oliver and Jannie Bonner. The Sheriff executed a deed which was duly filed and recorded in the conveyance records of Caddo Parish, on July 6, 1926.

Inasmuch as the mortgage has already been foreclosed, the writ executed, and the property sold, this devolutive appeal can avail appellant nothing. She is without interest to prosecute it further. If this Court should reverse the judgment appealed from, it would not have the effect of undoing that which has been done—that is, of annulling the sale of the mortgaged property already made.

Ouachita Nat. Bank vs. Shell Beach Construction Co., 154 La. 709, 98 So. 160.

Gouaux vs. Lockport Central Sugar Ref. Co., Ltd., 156 La. 889, 101 So. 255.

Jones et ux vs. Bouanchaud, Sheriff, et al., 158 La. 27, 103 So. 393.

There are only two methods by which a defendant in executory proceedings can

stay the execution of a writ; one is to appeal suspensively and give bond; and the other is to enjoin the sale, setting up the grounds for relief. Defendant did not take a suspensive appeal, but asked for and was granted a devolutive appeal. Defendant did, twice it seems, attempt to enjoin the sale, but her demands were rejected, and those cases are not before us on appeal.

For the reasons assigned, this appeal is dismissed, at appellant's cost.