O’NIELL, Chief Justice. •
 

 This case is before us on a writ of certiorari and a rule on the defendants and the judge of the district court to show cause why a writ of mandamus should not be issued to compel the judge to grant the plaintiffs a suspensive appeal from a judgment dissolving a temporary restraining order and rejecting the plaintiffs’ demand for an injunction. They aver that each one of them is proprietor of a business establishment of a class described in an ordinance adopted by the Police Jury of the Parish of Rapides, undertaking to regulate such establishments, and that each of them therefore has a property right which will be destroyed or impaired if the ordinance is enforced. They contend that the police jury had no authority in law to adopt the ordinance and that it is unconstitutional for certain reasons stated in their petition. The defend-1
 
 *792
 
 ants are the Police Jury of the Parish of Rapides, the District Attorney for the Ninth Judicial District, in which the parish is embraced, and the sheriff of the parish. The judge of the district court granted, ex parte, the temporary restraining order and a rule on the defendants to show cause why a preliminary injunction should not be issued. The defendants in response to the rule filed a motion to dissolve the temporary restraining order, and at the same time filed exceptions to the suit, and, with reservation of the motion and exceptions, answered the suit, and claimed that the police jury had authority in law to adopt the ordinance and that it was a valid ordinance. On the hearing of the rule the case was tried virtually on its merits, and a judgment was rendered dissolving the restraining order and recalling the rule to show cause why the preliminary injunction should not be issued, and rejecting the plaintiffs’ demand at their cost. It appears from the entry of the judgment on the minutes of the court that the judge in his decree declared that the third section of the ordinance was unconstitutional and that in all other respects the ordinance was valid. The third section is the one which purports to impose the penalty of fine or imprisonment or both fine and imprisonment for a violation of the ordinance.
 

 Counsel for the plaintiffs, in open court, immediately after the judgment was rendered, asked for a devolutive and suspensive appeal. The defendants objected to the granting of a suspensive appeal, and the judge, after hearing arguments on the motion and objection, refused to grant a suspensive appeal, but granted a devolutive appeal, and fixed the return day and the amount of the appeal bond. The attorneys for the plaintiffs then gave notice of their intention to apply to this court for writs of certiorari and mandamus to compel the judge to grant them a suspensive appeal.
 

 What the attorneys for the plaintiffs mean by a suspensive appeal in this case is one which would have the effect of maintaining the temporary restraining order in full force and effect, and of preventing, in the same way that a temporary injunction would prevent, the execution or enforcement of the ordinance while the appeal is pending.
 

 It is declared in Section 5 of Act No. 29 of 1924, regulating the procedure and defining the authority of the courts with reference to temporary restraining orders and preliminary injunctions, that “no appeal shall be allowed from any order granting, continuing, refusing or dissolving a restraining order”. It is declared also in that section of the statute that where, after a hearing, a preliminary injunction is granted, continued, refused or dissolved by an interlocutory order or decree, or where an application to dissolve an injunction is refused by such an order or decree, a devolutive appeal but not a suspensive appeal from the order or decree may be taken as a matter of right. It is declared also in that section that the judge of the district court may in his discretion allow to a party enjoined a suspensive appeal from an order granting a preliminary injunction, and that if the judge refuses to grant a suspensive appeal to the party enjoined in such a case the appellate court having jurisdiction may allow
 
 *794
 
 the suspensive appeal. To show that the judge in this case had no authority in law to allow the plaintiffs a suspensive appeal, we quote the 5th section of the statute, so far as it is pertinent, thus:
 

 “No appeal shall be allowed from any order * * * dissolving a restraining order; but, where upon a hearing, a preliminary writ of injunction shall have been * * * refused * * * by an interlocutory order or decree, * * * a devolutive [appeal] but not a suspensive appeal, may be taken as a matter of right from such interlocutory order or decree”.
 

 The statute therefore in unmistakable terms forbade the judge in this case to grant the plaintiffs a suspensive appeal, either ■from the dissolving of the restraining order or from the refusal of the -judge to grant a preliminary injunction. So far as the judgment rejected the plaintiffs’ demand and dismissed their suit it could not be appealed from suspensively, because there was nothing that could be .suspended by the plaintiffs’ taking an appeal and calling it a suspensive appeal. A suspensive appeal, as distinguished from a devolutive appeal, is one which stays execution of the judgment appealed from. Therefore an appeal from a judgment which merely rejects the plaintiff’s demand and dismisses his suit at the outset is essentially only a devolutive appeal, even though the judge and the appellant may call it a suspensive appeal.
 

 The case of Brock v. Stassi, 189 La. 88, 179 So. 44, is exactly in point. Brock instituted an executory proceeding against Stassi on a mortgage note, and Stassi filed a petition for .an injunction in the executory proceeding, contending, first, that the note was paid, and, in the alternative, that the debt was extinguished by prescription. Brock, answering the rule to show cause why a preliminary injunction should not be granted, “put the whole case at issue; and it was tried on its merits.” The judge, after hearing the evidence, gave judgment for Brock, rejecting Stassi’s demand for an injunction. The judge granted Stassi an appeal from the judgment, and called the appeal “both a suspensive and a devolutive appeal”. Brock moved to dismiss the appeal, and this court characterized the appeal thus: “The motion to dismiss the appeal is overruled, but the appeal is maintained only as a devolutive appeal.” In deciding that inasmuch as the judge had not granted a preliminary injunction Stassi’s appeal from the judgment rejecting his demand and dismissing his'suit could not stay the executory proceeding, the court said:
 

 “There was therefore no authority for the judge to order the executory proceedings stayed by virtue or effect of the so-called suspensive appeal from the judgment rejecting Stassi’s demand and dismissing his petition for an injunction. An appeal from a judgment dismissing a suit at its inception is not a suspensive appeal, because there is then nothing to suspend — whatever may be the name given to the appeal.”
 

 To the same effect -was the decision in the case- of Snowden et al. v. Red River & Bayou Des Glaises Levee & Drainage District et al., 172 La. 447, 134 So. 389, 391. The plaintiffs in that case sued to enjoin the levee and drainage .district and the tax collector from collecting certain levee taxes,
 
 *796
 
 on the ground that the tax was invalid. The judge issued a rule on the defendants to show cause why a preliminary injunction should not be issued.- The defendants filed an exception of no cause of action and a plea of estoppel, and prayed for a dismissal of the suit and for 10 per cent on the amount of the taxes, as damages under the tax statute, section 56 of Act 170 of 1898. The case was submitted to the judge on those issues and while he had it under advisement he issued a restraining order, preventing the tax collector from selling the property. The judge afterwards gave judgment against the plaintiffs, dissolving the restraining order, refusing to issue an injunction, dismissing the suit and condemning the plaintiffs to pay the 10 per cent statutory damages. The judge allowed the plaintiffs an appeal, which he characterized as both a suspensive and a devolutive appeal. The defendants moved to dismiss the suspensive appeal on the ground that, according to section 5 of Act 29 of 1924, such an appeal could not be allowed from a judgment dissolving a restraining order and refusing to issue a preliminary injunction. This court held that the appeal which the judge had allowed, and which he called a suspensive appeal, stayed execution of the judgment condemning the plaintiffs to pay the 10 per cent damages, but had no such effect on the judgment dissolving the restraining order and refusing to grant an injunction. The court said:
 

 “In this instance, no preliminary injunction ever issued, and hence no preliminary injunction was ever dissolved, to be reinstated, as it were, by a suspensive appeal. * * *
 

 “The law does not contemplate that a restraining order, granted by the trial judge, pending an application for a preliminary injunction, should be, as it were, reinstated by a suspensive appeal, and operate during the pendency of the appeal. It contemplates that such an order shall pass out of existence, and so remain, in the lower court.”
 

 In the opinion rendered in the case of Agricultural Supply Co. v. Livigne, 177 La. 15, 147 So. 365, there is a palpable error in that the appeal which the court allowed to an intervener, appealing from a judgment dissolving a temporary restraining order, refusing to grant a preliminary injunction, and finally rejecting his demand, was called a suspensive appeal. The court could, not have allowed a suspensive appeal without doing violence to section 5 of Act 29 of 1924 and the jurisprudence on the subject. So far as the intervener was allowed an appeal the decision was correct, but it was a mistake to call the appeal a suspensive appeal.
 

 If the judge in this case had granted the plaintiffs a preliminary injunction and after-wards dissolved it in consequence of his rejecting the plaintiffs’ demand or dismissing their suit, they would have been entitled to a suspensive appeal, i. e. one which would have kept the preliminary injunction in force pending a hearing of the case on appeal. It was so decided in Everett v. Hue & Aarnes, 173 La. 420, 137 So. 201, and in American Bakeries Co. v. Louisiana State Board of Health, 185 La. 959, 171 So. 90. In those cases the court called attention to the fact that that part of the fifth section of the act of 1924 which allows only a devolutive appeal, and not a suspensive appeal, as
 
 *798
 
 a matter of right, from an interlocutory order or decree dissolving a preliminary injunction, refers only to interlocutory orders or decrees, and not to final judgments. The difference between this case and the two cases just cited is that in this case the preliminary injunction was refused, whereas in each of the cases cited it was granted.
 

 The remedy afforded by Act No. 29 of 1924, to a plaintiff who is denied a preliminary injunction to which he is entitled, is in section 6 of the act; that is, he should apply to this court for writs of certiorari and mandamus, not to compel the judge of the district court to grant a suspensive appeal, but to compel him to grant the preliminary injunction; and on a sufficient showing this court will issue a temporary stay order with the writ of certiorari, to preserve the status in quo.
 

 The respondents have filed in this court a document in which they join in the request that the court issue the writ of mandamus to compel the judge of the district court to allow the plaintiffs a suspensive appeal. That is, in effect, merely an agreement on the part of the defendants that they will not attempt to enforce the ordinance in contest until the case is decided on appeal. There is nothing illegal in such an agreement, and if it is carried out, as it should be, it will be as availing to the plaintiffs as a preliminary injunction or a suspensive appeal would be. But there is no reason why we should compel the judge of the district court to grant the plaintiffs a suspensive appeal from the judgment which he rendered against them. He granted them a devolutive appeal, which is all that the law allowed them, and they are protected now by the agreement of the defendants that the ordinance complained of shall not be enforced before the case is decided on appeal.
 

 According to the record before us the judge had not signed the judgment which he had rendered when the plaintiffs asked for and were granted an appeal. We assume that the judgment was signed before the appellants filed their appeal bond; otherwise the appeal will have to be dismissed, even though the appellees may not move to dismiss it. There is no right of appeal from a final judgment until it is signed. Succession of Savoie, 195 La. 433, 196 So. 923.
 

 The rule to show cause why a writ of mandamus should not be granted is recalled and this proceeding is dismissed at relators’ cost.