## SMITH v. LANDIS et al.
### Civ. A. No. 3081.

United States District Court
W. D. Louisiana, Alexandria Division.
Aug. 4, 1952.

Polk & Culpepper, Alexandria, La., for plaintiff.

Thompson, Thompson & Sparks, Monroe, La., for defendants.

PORTERIE, District Judge.

On August 19, 1927, one F. R. Wilson, in Suit No. 4590, petitioned the Seventh Judicial District Court of Louisiana, Catahoula Parish, for a judgment against J. B. Smith (complainant herein) in the sum of $749.79, with 5% per annum interest thereon from judicial demand until paid, for work done by Wilson for Smith. Alleging Smith a resident of Bay Saint Louis, Mississippi, Wilson attached Smith's properties—the properties involved in this action—in Catahoula Parish for the purpose of jurisdiction and further prayed that Smith be served through a curator ad hoc appointed by the court for that purpose. On the same day an order was signed appointing an attorney at law to represent Smith and ordering the issuance of the writ of attachment upon Wilson's furnishing bond in the sum of $250. The attorney accepted the appointment and the $250 bond was filed in August of 1927.

On April 4, 1928, citation was issued to Smith; it was personally served on his

curator ad hoc; and, the writ of attachment was issued. On April 19, 1928, the sheriff seized the properties and posted a copy of the writ on the principal front door of the courthouse at Harrisonburg, Louisiana, the parish seat of Catahoula Parish. A notice of this seizure was served on the curator ad hoc in his office in Harrisonburg, on April 21, 1928.

On December 3, 1928, judgment was signed against Smith in favor of Wilson for the amount sued for, with interest and costs, and on the same day that judgment was filed with, and the next day was recorded by, the Catahoula Parish Clerk of Court. This judgment recites that a " * * default was granted on Nov., 26th, 1928, and not set aside * * * "; the attachment was recognized; and, the properties were ordered seized and sold by the sheriff to the highest bidder for cash at not less than two-thirds of the appraisement, to pay and satisfy the judgment.

On December 6, 1928, the curator ad hoc was personally served with a notice of this judgment, from which no appeal, suspensive or devolutive, was taken.

On January 2, 1929, when this judgment had become executory, Wilson caused a writ of fieri facias to be issued under which the sheriff seized and took possession of the properties and gave public notice that he would sell them at public sale on February 23, 1929, to satisfy Wilson's judgment.

On February 18, 1929—five days before the scheduled sale—Smith filed Suit No. 4686 in the same court, naming Wilson and the sheriff as defendants, and prayed as follows:

(a) To have the judgment against him in Suit No. 4590 declared null and void for want of jurisdiction over his person or over the subject matter; and, on the further ground that the default therein rendered had been confirmed upon illegal, insufficient and incompetent evidence.

(b) For damages in the sum of $350.

(c) For the issuance of a temporary restraining order to prevent the sale of the properties on February 23, 1929, and for the issuance of a preliminary and permanent injunction.

A temporary restraining order was issued on February 18, 1929, prohibiting the sale of the properties on February 23, 1929. The hearing on the rule to show cause why a preliminary injunction should not issue was postponed, by written agreement of counsel for both sides, approved by the court, until March 18, 1929, and the restraining order continued in force.

On May 20, 1929, Wilson answered alleging the legality and validity of his judgment in Suit No. 4590, and, alternatively, reconvened for a judgment against Smith for the same amount recovered against Smith in Suit No. 4590, with costs and interest from August 19, 1927.

On June 12, 1929, Smith sold the properties involved herein to Mrs. Sudie J. Dahlberg.

On June 28, 1929, the same Judge who rendered judgment in Suit No. 4590 against Smith, signed a judgment in Suit No. 4686 rejecting all of Smith's demands therein and dismissed Suit No. 4686 and directed the sheriff to proceed to sell the properties. Smith did not appeal suspensively from this judgment; that is, within ten days under Louisiana law; nor did he apply for a stay of execution of any kind. That judgment in Suit No. 4686, dated June 28, 1929, became executory, under Louisiana law, on July 9, 1929. Wilson, therefore, caused a writ of fieri facias to issue under the judgment directing the sheriff to sell the properties. The sheriff seized the properties and gave public notice that he would sell them on August 24, 1929, for not less than two-thirds of its appraised value.

On August 23, 1929—one day before the scheduled sale—Smith filed his application for, and was granted, a devolutive appeal from the judgment in Suit No. 4686 to the Louisiana Court of Appeal for the Second Circuit, returnable on or before October 1, 1929. The appeal was perfected on September 17, 1929—24 days after the sheriff's sale.

On August 24, 1929, the sheriff sold the properties for two-thirds its appraised

value, or $666.66, to B. S. Landis, a defendant herein. The sale was recorded on September 14, 1929. That the proceeds of the sale went to Wilson is undenied.

On appeal from the judgment rendered in Suit No. 4686, on original hearing, Smith v. Wilson, 13 La.App. 437, 125 So. 302, the Louisiana Court of Appeal for the Second Circuit affirmed; but, on rehearing, Smith v. Wilson, 13 La.App. 679, 128 So. 682, on June 2, 1930—months after the sheriff's sale—reversed itself and the lower court, declaring the judgment rendered in Wilson's Suit No. 4590, on December 3, 1928, null and void for the reason that the writ of attachment for jurisdiction in Suit No. 4590 was invalid. The appellate court did not rule on Wilson's reconventional demand in Suit No. 4686; nor, of course, did it declare the nullity of the sheriff's sale, theretofore made, on August 24, 1929, the legality of which was not at issue.

On February 6, 1931, Landis, a defendant herein and the purchaser at the sheriff's sale of the properties herein involved, transferred to C. L. Snyder an undivided one-half interest in and to the properties, and, on September 21, 1948, by a correction deed, transferred that same undivided interest to the widow and heirs of C. L. Snyder, the other defendants herein.

On July 31, 1950, Smith purchased the properties involved in this action from Mrs. Dahlberg, and on August 3, 1950, recorded his deed.

On September 21, 1950, alleging himself a resident of Texas, Smith filed this action against Landis and the widow and heirs of Snyder, all citizens of Louisiana, praying that the sheriff's sale to Landis on August 24, 1929, be declared null and that defendants be decreed to have acquired no rights or interests thereunder.

In limine litis, before issue joined, defendants questioned the jurisdictional amount involved in this controversy; but, our ruling was that there was over $3,000, exclusive of interest and costs, involved. This Court, therefore, has jurisdiction of the parties and of this controversy. 28 U.S.C. § 1332; 28 U.S.C.A. § 1332.

As thus drawn, the decisive issue in this action is dependent upon the validity of the sheriff's sale to Landis.

Plaintiff contends that the sheriff's sale to Landis was null and void for the reasons that (a) it was made under a judgment which was—though subsequent to the sale—reversed on appeal; and, (b) everything done under the judgment, prior to and after its reversal, was null and void, since the appellate court declared the judgment null and void—for which reasons Landis and his assignees, defendants, acquired nothing by virtue of the sheriff's sale.

Since our examination may begin and end with an examination of plaintiff's contentions, we need not list those urged by defendants. For the same reason, we do not list defendants' numerous pleas, which after study, we find meritorious.

At the outset, we must note that Landis and his assignees have been assessed with and have paid taxes on these properties yearly since the sheriff's sale to date, or, for more than twenty years, and that, admittedly, plaintiff, Smith, has not tendered nor offered to tender the price paid by defendants for the properties nor for the taxes they paid thereon. Cf. Farquhar v. Iles, 39 La.Ann. 874, 2 So. 791; Scott v. Gordon, 184 La. 1017, 168 So. 134. While the record shows Mrs. Dahlberg (plaintiff's vendee and vendor of these properties) was assessed, taxes were paid on only a part of these properties for only four years since the sheriff's sale: For 1930 and 1931 by George McGee; for 1949 and 1950 by Mrs. Dahlberg. Mrs. Dahlberg was not assessed with any of the properties in 1945, 1946, 1947, 1948 and 1951.

The judgment in Suit No. 4590 was annulled on appeal from the judgment in Suit No. 4686, on rehearing, on the ground that the properties were not legally attached for jurisdictional purposes in Suit No. 4590. But the fact is that the seizure under which these properties were finally sold was under the executory judgment rendered in Suit No. 4686 which declared the judgment in Suit No. 4590 valid. When Smith did not suspensively appeal from the executory judgment rendered in

Suit .No. 4686, his devolutive appeal was fruitless, in that it absolutely did not invalidate a valid sheriff's sale to Landis theretofore made, even if it did reverse the judgment in Suit No. 4686 thereby annulling the judgment in Suit No. 4590.

■ The sale attacked in this action was ordered and had by virtue of the executory judgment in Suit No. 4686. In that suit the Seventh Judicial District Court of Louisiana for the Parish of Catahoula (the same Court—and Judge—which rendered the judgment in Suit No. 4590) had jurisdiction over the parties and the subject matter. Smith was the plaintiff in Suit No. 4686, the properties were in Catahoula Parish, and the Court petitioned was the same Court which rendered the judgment there attacked. That Court had jurisdiction in Suit No. 4686 to determine whether or not it had jurisdiction in Suit No. 4590. Cf. Dawson v. Frazar, 150 La. 203, 90 So. 570.

■ A body of statute and decisional law has been built upon the Louisiana rule that a judgment ordering a sale is not executory before, but is executory after, it is ten days old. La. Act 163 of 1898, LSA-R.S. 13:4212; La. Code of Practice, Arts. 575, 578, and 624; Sowle & Ward v. C. W. Pollard & Co., 14 La. Ann. 287; Reynolds v. Egan, 122 La. 47, 47 So. 371; State ex rel. Macheca v. Dunn, 148 La. 460, 87 So. 236; Kittredge v. Grau, 158 La. 154, 103 So. 723; Barrow v. Caffery, 161 La. 778, 109 So. 488; Wetherbee v. Lodwick Lumber Co., 194 La. 352, 193 So. 671; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; Blappert v. Pagluighi, La.App., 192 So. 135; O'Keefe & Simpson v. Main Street Pharmacy, 8 La. App. 443.

■ In order to have suspended the execution of the executory judgment rendered in Suit No. 4686, a suspensive appeal could and should have been taken. LSA-R.S. 13:4212; State ex rel. Bankhead v. Judge of Seventh District Court, 22 La. Ann. 35; State ex rel. Gourgotte v. Porte, 27 La.Ann. 431; State ex rel. De Bouchel v. Judge of Second District Court, 28 La.Ann. 882; Durward v. Jewett, 46 La. Ann. 706, 15 So. 292; Borah & Landen v. O'Niell, 121 La. 733, 46 So. 788; Reynolds v. Egan, 122 La. 47, 47 So. 371; Pratt Engineering & Machine Co. v. Cecilia Sugar Co., 133 La. 1003, 63 So. 496; Kittredge v. Grau, 158 La. 154, 103 So. 723; Barrow v. Caffery, 161 La. 778, 109 So. 488; Brock v. Police Jury of Rapides Parish, 198 La. 787, 4 So.2d 829; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; Pellachino v. Cryer, La.App., 157 So. 770.

Or, if there were grounds for relief, the sale might have been enjoined. Trimble v. Chavis, 11 La.App. 208, 123 So. 513.

If an injunction is denied, the remedy is to apply for writs of certiorari, mandamus, or prohibition to maintain the status in quo, until the judgment suspensively appealed is ruled upon. Aubert v. Robinson, 6 Rob. 463; State ex rel. Ingram v. Judge of Sixth Judicial District Court, 20 La.Ann. 529; State ex rel. Cain v. Judge of Sixth District Court, 20 La.Ann. 574; State ex rel. Mitchell v. Cohn Flour & Feed Co.; 17 La.App. 108, 135 So. 385; Brock v. Police Jury of Rapides Parish, 198 La. 787, 4 So.2d 829.

Smith could have prevented the sale also "* * * by paying into the hands of the sheriff the amount of the judgment, with interest and costs." La.Code of Practice, Art. 663.

■ After the expiration of the delay for a suspensive appeal, all power to oppose and prevent the execution of the judgment was lost. When Smith failed to protect his rights, if any he had, by suspending the execution of the judgment in Suit No. 4686 in the manner prescribed by law, no court can undo what has already been done by virtue of the judgment while it was executory. Reynolds v. Egan, 122 La. 47, 47 So. 371; Ouachita Nat. Bank v. Shell Beach Const. Co., 154 La. 709, 98 So. 160, and cases there cited; Wetherbee v. Lodwick Lumber Co., 194 La. 352, 193 So. 671; Hollingsworth v. Caldwell, 195 La. 30, 196 So. 10; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; Walters v. Childers, 214 La. 531, 38 So.2d 160; Trimble v. Chavis, 11 La.App. 208, 123 So. 513.

The devolutive appeal taken from the executory judgment rendered in Suit No. 4686 did not and could not suspend the execution of that judgment. Cf. Rathborne Lumber & Supply Co. v. Harding, La.App., 56 So.2d 164; Gouaux v. Lockport Central Sugar Refining Co., 156 La. 889, 101 So. 255; and cases cited supra.

The sale made under the executory judgment rendered in Suit No. 4686 was not and could not be invalidated by the reversal of that judgment on devolutive appeal. Jefferson v. Gamm, 150 La. 372, 90 So. 682, and cases there cited; Hollingsworth v. Caldwell, 195 La. 30, 196 So. 10; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; State v. Mutual Inv. Co., 214 La. 356, 37 So.2d 817.

Therefore, Landis acquired title to the properties involved in this action at the sheriff's sale on August 24, 1929, even though the judgment under which the sale was ordered in Suit No. 4686 was reversed on devolutive appeal on rehearing on June 2, 1930. Jefferson v. Gamm, 150 La. 372, 90 So. 682, and cases there cited; Bank of LaFourche v. Barrios, 167 La. 215, 118 So. 893; Continental Securities Corporation v. Wetherbee, 187 La. 773, 175 So. 571; Wetherbee v. Lodwick Lumber Co., 194 La. 352, 193 So. 671; Hollingsworth v. Caldwell, 195 La. 30, 196 So. 10; Unity Industrial Life Ins. Co. v. Dejoie, 197 La. 38, 200 So. 813; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660.

"The adjudication thus made has, of itself alone, the effect of transferring to the purchaser [Landis] all the rights and claims which the party in whose hands it was seized [Smith] might have had to the thing adjudged." La.Code of Practice, Art. 690; see, also, LSA–Civil Code, Art. 2620; Baillio v. Wilson, 5 Mart., N.S., 214; Hollingsworth v. Caldwell, 195 La. 30, 196 So. 10.

The jurisprudence of Louisiana indicates that plaintiff's only right or remedy now, if any he had or has, is to claim the proceeds of the sale under attack from Wilson; Jefferson v. Gamm, 150 La. 372, 90 So. 682, and cases there cited; Bomarito v. Max Barnett Furniture Co., 177 La.

1010, 150 So. 2; which could not be litigated in this Court for lack of the requisite jurisdictional amount.

Let judgment consistent with the above opinion be presented for our signature.