SAMUEL, Judge
(dissenting).
I agree that the judgment rendered and ■signed on March 25, 1965 and based on the ■confession is the only judgment from which an appeal could be taken. And it is true that the defendant’s petition for appeal alleges he desires to appeal from the judgment rendered on July 6, 1965, which judgment denied his motion for a new trial and is not appealable. However, I am of the opinion that the appeal should not be dismissed.
We are not irrevocably bound by the one allegation in the petition for appeal; we can, and should, look behind that allegation for the purpose of determining the judgment from which the defendant intended to appeal. In Tennent v. Caffery, 163 La. 976, 113 So. 167, the court refused to dismiss an appeal even though the order of appeal, on its face, granted an appeal to the defendant only from a judgment dissolving a restraining order, from which no appeal was allowable. The court held that it thought the appeal was intended to be taken from a judgment refusing a preliminary injunction, which was an appealable judgment.
In General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190, the case upon which the majority principally rely, the court noted that the appellants tacitly recognized the appeal was taken from a judgment overruling a motion for a new trial by resting their case in the appellate court on the ground that such a judgment was appealable. That is not the case here.
Here the appellant has argued vigorously that he had intended to take his appeal from the judgment of March 25, 1965 and his position is supported by the appeal bond he furnished. The first paragraph of that bond reads as follows:
“WHEREAS, judgment has been rendered by the Civil District Court for the Parish of Orleans in the above entitled and numbered cause in favor of KIRKE-BY-NATUS CORPORATION and against WILLIAM T. CAMPELL in the amount of FOUR HUNDRED FOURTEEN THOUSAND TWO HUNDRED AND NO/100 ($414,200.00) DOLLARS (with interest at the rate of 8% per annum from November 7, 1964 until paid, 10% attorney fees and all court costs), and the said WILLIAM T. CAMPBELL, defendant, has this day obtained an order of devolutive appeal therein, conditioned upon the furnishing of this obligation.” (Emphasis ours.)
Appeals being favored and the designation of the judgment date appearing to be nothing more than a clerical error, I am of the firm opinion that the appeal should not be dismissed.
I respectfully dissent.