HARDY, Judge.
This is an action by the purchaser of certain described property in Jefferson Parish at a foreclosure sale provoked by defendant under executory process. Plaintiff prayed for recovery of the principal sum of $715.52 representing the amount paid in satisfaction of a duly recorded sewerage lien, together with interest and penalties, due Sewerage District #1 of Jefferson Parish. The lien in question was superior to the defendant’s lien and privilege under which he initiated the proceedings of execu-tory process, but was undisclosed to plaintiff at the time of his purchase.
From judgment rejecting plaintiff’s demands he prosecutes this devolutive appeal.
Concededly, the only issue is the determination of a question of law, the facts having been stipulated as follows:
The property involved was adjudicated to plaintiff on November 4, 1959, in response to a writ of seizure and sale issued in a suit by this defendant against one Beulah Lee Jones Butters as surviving spouse in community of Edward M. Butters; at the time of the adjudication, as well as at the time of the recordation of the deed in December, 1959, there existed a valid and effective sewerage lien against the property involved, as first above noted; in response to a demand under date of April 4, 1960, plaintiff paid the amount of the lien, penalties and interest in the total sum of $715.52; the deed executed in favor of plaintiff by the sheriff under the foreclosure proceedings evidenced the fact that the only certificate *890 of mortgage procured was in the name of the debtor, Beulah Lee Jones Butters, which certificate reflected the only encumbrance against the property as being the lien and mortgage in favor of defendants, the seizing creditor; the sewerage lien was actually filed and recorded under date of October 17, 1956, in the name of Lillian Troxler Lewis, the then owner of the subject property; cancellation of the lien was effected on December 13, 1960, as the result of payment by plaintiff of the amount due thereon.
Counsel for both plaintiff and defendant relied upon specific provisions of the Louisiana Code of Civil Procedure relating to judicial sales set forth in Article 2331 et seq., LSA. On behalf of plaintiff it is urged that as the purchaser at foreclosure sale he is entitled to recourse for reimbursement for the discharge of liens and privileges superi- or to that of the foreclosing creditor from either the judgment debtor or the judgment creditor. To the contrary, counsel for defendant urges that plaintiff’s sole recourse was an action to rescind the sheriff’s sale, and that his failure to take such action amounted to a ratification of the effect of the sale and, inferentially an assumption of liability for the discharge of any and all superior liens.
No question is raised in the instant case as to the right of enforcement of the sewerage lien nor its superiority in rank to defendant’s lien and privilege upon the property. Nor is any issue made of the fact that the sheriff restricted the mortgage certificate to those liens and encumbrances existing against defendant’s debtor.
In our opinion the issue presented must be determined upon the basis of the provisions of the applicable articles of the Code of Civil Procedure, which by a process of elimination we restrict to Articles 2379 and 2381.
LSA-C.C.P. Article 2379 reads as follows :
“Art. 2379. Rights of buyer in case of eviction
“The purchaser who has been evicted from property sold under a writ of fieri facias shall have his recourse for reimbursement against the judgment debtor and the seizing creditor. If judgment is obtained against both, the purchaser shall issue execution first against the judgment debtor, and if his judgment remains unsatisfied, he may issue execution against the seizing creditor.”
The official revision comments clearly indicate that the eviction from the property is not necessarily to be construed as an actual eviction, but is correlated with the warranty provisions of the Civil Code, citing Tennent v. Caffery, 163 La. 976, 113 So. 167.
It seems clear to us that the article in question vests the evicted purchaser with a right to reimbursement against either or both the original judgment debtor and the seizing creditor. This conclusion is fortified by the provisions of LSA-C.C.P. Article 2381, which reads as follows:
“Art. 2381. Action by seizing creditor who has been compelled to reimburse purchaser
“The seizing creditor may recover from his judgment debtor whatever he has had to pay to the purchaser who has been evicted.”
Upon the basis of the provisions of the articles above quoted, we think it is clear that the effect thereof was intended by the redactors of the Code of Practice to vest the purchaser at a sheriff’s sale with the right to reimbursement for amounts expended in the discharge of undisclosed superior liens, which reimbursement he could seek against either the judgment creditor or the judgment debtor, or both. We find no prohibition of the action which he was taken in the instant case against the judgment creditor alone, since the latter’s right and entitlement to reimbursement from his judgment debtor is specifically preserved under Article 2381, supra.
*891 For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
It Is Now Ordered, Adjudged and Decreed that there be judgment in favor of plaintiff, Nathan Phillips, and against the defendant, Kathman-Landry, Inc., in the full sum of Seven Hundred Fifteen and 52/100 ($715.52) Dollars, with legal interest from judicial demand until paid, together with all costs of both courts.