HAMLIN, Justice.
The issue herein involved concerns the party against whom an adjudicatee at a foreclosure sale by executory process must proceed in order to recover payment of an undisclosed and unknown sewerage lien discovered by said adjudicatee and the seizing mortgage lien creditor after Sheriff’s Sale.
The facts of record are undisputed and comparatively simple.
On November 4, 1959, a certain portion of ground together with the improvements thereon located in the Parish of Jefferson was adjudicated to Nathan Phillips for $1,300.00, in response to a writ of seizure and sale issued in executory proceedings entitled “Kathman-Landry, Inc. v. Beulah Lee Jones Butters, Surviving Spouse of Edward M. Butters,” No. 52,201 of the Docket of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, September 2, 1959. The Sheriff’s Proces Verbal Deed recited that the certificate of the Clerk of Court and Ex-Officio Recorder of Mortgages showed that other than a vendor’s lien in the amount of $1,390.00 in *365 favor of Kathman-Landry, Inc., there were no mortgages and liens existing against the described property in the name of Beulah Lee Jones Butters, Surviving Spouse of Edward M. Butters; it also stated that Nathan Phillips was the last and highest bidder for the property for the price and sum of $1,300.00.
At the time of the adjudication, as well as at the time of recordation of the deed on December 3, 1959, there existed against the propei'ty a sewerage lien filed and recorded on October 17, 1956 in the name of Lillian T. Lewis, ancestor in title to Edward M. Butters.
On April 13, 1960, Nathan Phillips filed suit against Kathman-Landry, Inc., alleging discovery of the sewerage lien and praying for judgment in the amount of $715.52. The Jefferson Parish Department of Sanitation had previously notified Phillips’s attorney, by letter dated April 4, 1960, that if the figure of $715.52, representing the outstanding sewerage lien together with interest and penalties, was not paid by April 15, 1960 the account would be turned over to the Parish Attorney for collection. It is stipulated herein that Phillips paid the lien and that by such payment it was cancelled on December 13, 1960.
On February 8, 1961, Phillips amended his original petition.
The matter then proceeded to trial on the merits.
The trial court found that no error had been committed by the Sheriff of Jefferson Parish in procuring the mortgage certificate in the name of the judgment debtor only (State ex rel. Flournoy v. Simmons, 197 La. 299, 1 So.2d 525, La.App., 1 So.2d 850), that the defendant lacked essential information to protect its right to a competitive bid, and that the purchaser was ignorant of the preferential sewerage lien. It was of the opinion that the undisclosed existence of the sewerage lien in the sum of $715.52 was an essential fact in connection with the sale to such an extent that in fact it vitiated the consent of the foreclosing creditor in permitting the property to be sold for $1,300.00, and, likewise, it vitiated the consent of the purchaser in bidding and paying in full $1,300.00 for the property in question. The court further stated:
“This lack of information is so vital to the consummation of the adjudication that the Court is of the opinion that it voids the sale in question and that the plaintiff should therefore seek to have the sale set aside and the purchase price returned. Judgment is rendered in favor of the defendant, for to hold for the plaintiff would in effect be using the Court as an instrumentality for the plaintiff to unjustly enrich himself at the expense of the defendant.”
Plaintiff’s demands were rejected; he did not invoke the proceedings suggested by the trial judge; he appealed.
The Court of Appeal (144 So.2d 889) was of the opinion that the issue presented should be determined upon the basis of the provisions of Articles 2379 and 2381 of the Code of Civil Procedure.[1] In reversing the judgment of the trial court, it concluded :
“Upon the basis of the provisions of the articles above quoted, we think it is clear that the effect thereof was intended by the redactors of the Code *366 of Practice to vest the purchaser at a sheriffs sale with the right to reimbursement for amounts expended in the discharge of undisclosed superior liens, which reimbursement he could seek against either the judgment creditor or the judgment debtor, or both. We find no prohibition of the action which * * * was taken in the instant case against the judgment creditor alone, since the latter’s right and entitlement to reimbursement from his judgment debtor is specificalty preserved under Article 2381, supra.”
In the exercise of our supervisory jurisdiction, we directed Certiorari to the Court of Appeal, Fourth Circuit, in order that we might review its judgment in favor of Nathan Phillips and against Kath-man-Landry, Inc., in the amount of $715.-52 with legal interest. Herein, relator assigns the following specification of errors:
1.
“The Court of Appeal, Fourth Circuit, has failed to consider the question of unjust enrichment to the plaintiff at the expense of defendant, thereby disregarding the principles expressed in Article 508 of the Revised Civil Code.” [2]
2.
“The Court of Appeal, Fourth Circuit, has failed to properly interpret Article 2621 of the Louisiana Revised Civil Code, by not talcing into consideration both parties’ lack of knowledge of the sewerage lien.” [3]
3.
“The Court of Appeal, Fourth Circuit, has failed to properly interpret Article 2379 of the Code of Civil Procedure by not requiring the plaintiff to bring this action against the judgment debtor as well as the seizing creditor.”
Respondent Phillips contends that an ad-judicatee at a foreclosure sale is entitled to receive title free from liens and incum-brances. He argues that an undisclosed preferred lien discovered after the sale is an obligation of the plaintiff in foreclosure; that where same is paid by the adjudicatee, on demand and threatened suit, he is entitled to reimbursement from the seizing creditor. Respondent cites West’s LSA- *367 C.C.P. Articles 2371, 2372, 2373, 2374, 2375, 2376 and 2378.
It is to be initially observed that when Nathan Phillips filed his original petition and did not name Kathman-Landry, Inc.’s debtor (Mrs. Butters) as a party defendant, Kathman-Landry, Inc. had the right to file an exception of non-joinder of proper parties defendant; [4] this it did not do. It filed an exception of no cause or right of action, which, on February 7, 1961, was argued and submitted and plaintiff was given fifteen days by the trial court to amend his petition; this he did on February 8, 1961. Defendant answered on April 14, 1961, denying the allegations of plaintiff’s original and amended petitions; it went to trial on the matter as presented.
When plaintiff filed his original petition on April 13, 1960, defendant also had available to it the provisions of Act 433 of 1954, LSA-R.S. 13:3381-13:3386, “Third Party PracticeIt was entitled to bring in any person (including a co-defendant) who was its warrantor, or who was or might be liable to it for all or part of the principal demand. When plaintiff filed his supplemental amended petition on February 8, 1961, defendant had available to it the provisions of the Code of Civil Procedure, Articles 1111-1116, "Demand Against Third Party." Defendant did not see fit to take advantage of the “Third Party Practice,” and plaintiff proceeded to trial against the party he had named as defendant.
We find that Kathman-Landry, Inc.’s actions in not invoking the proceedings available were acts of omission on its part, despite its contention that plaintiff should have named the judgment debtor as well as the seizing creditor as a party defendant. Relator created the situation in which it now finds itself; any delay it might suffer in attempting to recover the amount of the lien from its judgment debtor or any other parties has been brought about by its own actions.
Relator is not, however, without recourse. The Court of Appeal specifically preserved its rights under Article 2381 of the Code of Civil Procedure, and all that relator has to do is to act under the reservation granted. Therefore, we find that no injustice will result to either litigant by maintaining the status quo. We do not find it necessary to pass upon the contentions of unjust enrichment, nor is it necessary to disturb the decision of the Court of Appeal.
For the reasons assigned, the judgment of the Court of Appeal, Fourth Circuit, is affirmed. All costs to be paid by relator, Kathman-Landry, Inc.
McCALEB, J., concurs in the decree.
SANDERS and SUMMERS, JJ., dissent.

. “The purchaser who has been evicted from property sold under a writ of fieri facias shall have his recourse for reimbursement against the judgment debtor and the seizing creditor. If judgment is obtained against both, the purchaser shall issue execution first against the judgment debtor, and if his judgment ■ remains unsatisfied, he may issue execution against the seizing creditor.” West’s LSA-C.C.P. Art. 2379.
“The seizing creditor may recover from his judgment debtor whatever he has had to pay to the purchaser who has been evicted.” West’s LSA-C.C.P. Art. 2381.

. “When plantations, constructions and works have been made by a third person, and with such person’s own materials, the owner of the soil has a right to keep them or to compel this person to take away or demolish the same.
“If the owner requires the demolition of such works, they shall be demolished at the expense of the person who erected them, without any compensation; such person may even be sentenced to pay damages, if the case require it, for the prejudice which the owner of the soil may have sustained.
“If the owner keeps the works, he owes to the owner of the materials nothing but the reimbursement of their value and of the price of workmanship, without any regard to the greater or less value which the soil may have acquired thereby.
“Nevertheless, if the plantations, edifices or works have been made by a third person evicted, but not sentenced to make restitution of the fruits, because such person possessed bona fide, the owner shall not have a right to demand the demolition of the works, plantations or edifices, hut he shall have his choice either to reimburse the value of the materials and the price of workmanship, or to reimburse a sum equal to the enhanced value of the soil.” AYest’s LSA-C.C. Art. 508.

. “The purchaser evicted from property purchased under execution shall have his recourse for reimbursement against the debtor and creditor; but, upon the judgment obtained jointly for the purpose, the purchaser shall first take execution against the debtor, and upon the return of such execution no property found, then he shall be at liberty to take out execution against the creditor.” West's LSA-C.C. Art. 2621, prior to its amendment by Act 30 of 1960, as follows:— “The purchaser evicted from property purchased under execution shall have his recourse for reimbursement against the debtor and creditor, as provided in Article 2379 of the Code of Civil Procedure.” West’s LSA-C.C. Art. 2621.

. An exception of non-joinder is a dilatory exception. It must be pleaded in limine litis and before issue is joined, and it is waived if not so pleaded. Code of Practice Arts. 332, 333; West’s LSA-C.C.P. Art. 926.